**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                         Case No.:   09-21514-BKC-EPK
                                               Chapter 7

**TERRY R. EICHAS,**

      **Debtor.**
_____

**TRUSTEE'S AMENDED MOTION TO DETERMINE**
**PRIVILEGE OF DEPOSITION TESTIMONY AND DISCLOSURE OF DOCUMENTS**

      **Deborah Menotte, Trustee in Bankruptcy for Terry Eichas**, by and through undersigned counsel, hereby files this her Amended Motion to Determine Privilege of Deposition Testimony and Disclosure of Documents, and as grounds in support thereof states:

**THE DEBTOR'S WAIVER OF DISCHARGE AND EFFECT ON RULE 7030**
**EXAMINATION OF STEVEN GOERKE**

      1.      On July 26, 2010, the Trustee conducted the Rule 7030 Examination of Steven Goerke ("Goerke"), the former bankruptcy attorney of the Debtor.

      2.      On September 27, 2010, the Court entered an order granting the Debtor's motion to waive his discharge (DE #110).

      3.      Based on the Court's September 27, 2010 order waiving the Debtor's discharge, the issues in the Trustee's discharge adversary proceeding (Adversary Case Number 09-02182-EPK), are now rendered moot.

      4.      The Trustee filed an Amended Motion to Allow Filing Rule 7030 Examination of Steven Goerke in the main bankruptcy case as a Rule 2004 examination simultaneously with the filing of this motion.

      5.      The instant motion is being filed subject to the Court allowing the Rule 7030 Examination of Goerke taken in the adversary proceeding to be filed in the main case under Rule 2004.

**ISSUES RELATING TO THE MOTION TO DETERMINE PRIVILEGE**

      6.      Goerke objected to the Trustee's questions relating to Goerke's previous representation of the Debtor based on attorney-client privilege. The excerpts from the Rule 7030 Examination of Goerke where Goerke asserted attorney-client privilege are as follows:

RM:7583610:2

1

1.

Q: Can you show me what you do have in paper form? (as to representation of the Debtor)

A: I have to object and get a resolution of what the attorney-client privilege is or some kind of resolution. I have no – I have the box here. I'm certainly willing, but I think I'm obligated to object to raising the attorney-client privilege and then hopefully you guys can work on how to get around various issues or I think the only time the attorney-client privilege – if it was a privileged document would be if there was a definite assertion of wrongdoing on my part on a particular issue, I believe I can respond to that.

*See* Rule 7030 Examination of Goerke, p. 7, lines 7-18

2.

Q: Were you ever made aware of whether Mr. Eichas had sold, transferred or given away any horses within two years before filing bankruptcy?...

Q: Just so we are clear, the attorney-client privilege being asserted as to whether the attorney asked the Debtor if he owned horses prior to the bankruptcy filing?

Mr. Crane: …So I guess I am going to assert it and then the judge will decide.

*See* Rule 7030 Examination of Goerke, p. 21, lines 22-24, p. 22, lines 18-25, p. 23, lines 1-4.

3.

Q: Did Mr. Eichas ever tell you that he had sold horses before the bankruptcy filing?

Mr. Crane: Assert the privilege. Mr. Eichas is asserting the privilege. However you want to say it.

*See* Rule 7030 Examination of Goerke, p. 23, lines 11-15.

4.

Q: Was it the same truck you had seen him in before he filed bankruptcy?

A: It was a new truck

Q: Did you discuss that truck with Mr. Eichas?

A: Yes.

Q: Did that discussion at all involve facts surrounding what he disclosed on question ten of the statement of financial affairs?

Mr. Crane: I object as to privilege.

*See* Rule 7030 Examination of Goerke, p. 29, lines 8-16.

5.

Q: When did you discuss question ten in the statement of financial affairs with Mr. Eichas, did he ever tell you there was anything he did not understand about the question?

Mr. Crane: Objection, privilege.

*See* Rule 7030 Examination of Goerke, p. 31, lines 12-16.

6.
Q: What were the reasons you were given for the filing of the bankruptcy?
Mr. Crane: Objection, privilege.
*See* Rule 7030 Examination of Goerke, p. 32, lines 6-8.

7.
Q: Were you ever under the impression that he (debtor)was in the business of buying and selling horses?
Mr. Crane: Objection, privilege.
*See* Rule 7030 Examination of Goerke, p. 34, lines 18-20.

8.
Q: Your understanding this being the sale of a Mercedes S540 vehicle?
A: I don't remember the model, but it says sale of '05 Mercedes.
Q: Did you discuss that with Mr. Eichas?
Mr. Crane: That would be a yes or no answer.
A: The answer to that is yes.
Q: What was the substance of that conversation?
Mr. Crane: Objection, privilege.
*See* Rule 7030 Examination of Goerke, p. 35, lines 12-24.

9.
Q: Why did you wait until June to file the case (bankruptcy)?
Mr. Crane: Objection, privilege.
*See* Rule 7030 Examination, p. 37, lines 18-20.

10.
Q: He states that, "He had no problem with that until after it was done." Was is the problem that arose with that after it was done?
A: I found out in…This is an accusation against me. I may be able to answer. Well, go ahead. Do you want to raise an objection to this because I don't want to step over the line if the judge wants to make a ruling on that.
Mr. Crane: Read the last question back…on that I'm going to assert the privilege. I'll let the judge decide.
*See* Rule 7030 Examination of Goerke, p. 41, lines 17-25, p. 42, lines 1-6.

11.
Q: Was there an amendment filed to disclose this transaction?
A: We discussed the possibility of amending. No amended was filed?
Q: Why not?
Mr. Crane: Objection, privilege.

RM:7583610:2

3

*See* Rule 7030 Examination of Goerke, p. 51, lines 15-20.

12.

Q: Reading from your attorney's letter, "Mr. Goerke communicated with Mr. Eichas extensively about the possibility of filing amendments to Mr. Eichas's bankruptcy schedules and statement of financial affairs. Unfortunately, these discussions only uncovered more and more assets and assets transferred which were not revealed to Mr. Goerke and not disclosed in Mr Eichas's bankruptcy filing. Any amendment filed with the bankruptcy court was required to be verified by Mr. Eichas and if filed by Mr. Goerke, would be required to include all information with Mr. Eichas revealed to Mr. Goerke subsequent to the filing of the bankruptcy but prior to the date of the amendment. Included in this information would be matters not known to the trustee and not the subject of the adversary proceeding so that had Mr. Eichas filed amendments to his bankruptcy schedules and statement of financial affairs which truly and accurately portrayed his financial status, the falsity of the original bankruptcy filing would have been even more pronounced." What do you mean by this?

Mr. Crane: On that, I raise the privilege and have the judge decide on that one.

*See* Rule 7030 Examination of Goerke, p. 52, lines 11-25, p. 53, lines 1-7.

7.      It is the Trustee's position that the Debtor has waived any attorney-client privilege based on his testimony at the Debtor's Rule 7030 Examination. At the Rule 7030 Examination of the Debtor conducted on April 22, 2010, the Debtor testified on numerous occasions that certain allegations in the Trustee's discharge complaint relating to certain non-disclosures on the Schedules and Statement of Financial Affairs were based upon advise of his previous counsel, Goerke. The Debtor testified that Goerke informed the Debtor that certain information did not need to be scheduled if it was in the Debtor's ordinary course of business. The Debtor waived attorney-client privilege by way of his testimony which is as follows:

Q: Why you failed to disclose the sale of the Mercedes on your schedules or statement of financial affairs? If you look, please let me know if you see it listed anywhere on your schedules or statement of financial affairs?

A: My comprehension at the time was that I did not completely understand what requests of me were and if counsel had not asked me about certain items, they would not have been disclosed under just lack of knowledge of having to disclose it.

*See* Rule 7030 Examination of the Debtor, p. 24, lines 12-21.

…

Q: Is it true that on or around April 2009, you transferred a horse to Jasmine Gannen for four thousand seven hundred dollars?

A: That is correct.

Q: How come that transfer wasn't listed on your schedules or statement of financial affairs?

A: To the best of my understanding through counsel, that exchange of horses and exchange of real estate were in the normal daily business of what I did to produce income.

*See* Rule 7030 Examination of the Debtor, p. 28, lines 12-22.

…

Q:  Is it true that in June 2008, you transferred your interest in GJTT, LLC to Jian Zhen for ten thousand dollars?

A: That would have been May of 2008, and that is true.

Q: Why was this transfer not listed anywhere on your schedules or statement of financial affairs?

A: That transfer like the other real estate transfers according to the counsel preparing the bankruptcy was our understanding that it was part of the daily activities of business or normal business.

*See* Rule 7030 Examination of Debtor, p. 28, lines 23-25, p. 29, lines 1-8.

…

Q: Is it true that on or around January 2009, you transferred real property located at 2650 Mulberry Road, Avon Park to Larek Albritton?

A: Yes, that's true.

Q: Why did you fail to disclose this transfer of real property on your schedules or statement of financial affairs?

A: First of all, again real estate transactions were in the normal course of business.

*See* Rule 7030 Examination of the Debtor, p. 31, lines 2-10.

8.    Therefore, based on the Debtor's repeated testimony at his Rule 7030 Examination that his previous attorney, Goerke, instructed the Debtor not to disclose certain items in the ordinary course of the Debtor's business, it is the Trustee's position that the Debtor has waived any attorney-client privilege, and the Trustee requests that Goerke be required to respond to questions one (1) through twelve (12) from the Rule 7030 Examination of Goerke and that Goerke be required to produce all documents for which the Debtor asserts attorney-client privilege from his Rule 7030 Examination.

9.    Additionally, both of the Answers filed to the Trustee's complaint in this adversary proceeding were filed *pro se* by the Debtor (DE #10 and DE #18). Therefore, the Debtor filing his answers to the Trustee's Compliant as *pro se* waived any attorney-client privilege relating to the Debtor's non-disclosures on his Schedules where he raised as a defense advise from his previous counsel, Goerke.

10.    In the Defendant's answer (DE #10), the Defendant stated that, "I had obtained

council (sic) to prepare this bankruptcy but quite honestly little was done to educate me of the boundaries I need to comply with. He has been completely unsuccessful in handling this advisory complaint and three different times has written to me that this is out of this realm of experience." Further, in response to paragraphs 7 and 8 of the Trustee's Complaint regarding the Debtor's sale of any vehicles, the Debtor responded, "I believe this was in my normal course of business and why the question was not raised by my counsel when the statements were available is a mystery to me."

11.    In the Defendant's amended answer (DE #18), the Defendant asserted that, "The Debtor's sale of a 2005 Mercedes S-430 did indeed take place. As to it not appearing on the statement of financial affairs along with other assets that have been omitted has lead to a bar complaint with the Attorney who prepared the bankruptcy (Goerke). The Debtor was never questioned about sold assets in any capacity prior to the filing and was never informed of these requirements. The forms were hurriedly produced on the Attorney's computer and I was told to sign them to proceed forward. The majority of this complaint stems from that situation."

12.    Such assertions made by the Debtor in his Answers to the Complaint (DE #10 and #18), waives any attorney-client privilege as it relates to Goerke's representation of the Debtor and the issues surrounding the Debtor's bankruptcy petition.

WHEREFORE, **Deborah Menotte, Trustee in Bankruptcy for Terry Eichas,** by and through undersigned counsel, respectfully requests that this Court enter an order compelling Goerke to respond to questions one (1) through twelve (12) from the Rule 7030 Examination of Goerke, and that Goerke be required to produce all documents for which the Debtor asserts attorney-client privilege from his Rule 7030 Examination, plus that the Court grant any and all relief it deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to and Electronic Mail to all parties as indicated on the attached service list on this the 14th day of October 2010.

**RUDEN McCLOSKY P.A.**

**/s Marla Neufeld, Esq.**
**Michael R. Bakst, Esq.**
**Florida Bar No.:   866377**
**Marla B. Neufeld, Esq.**
**Florida Bar No.:   046262**
**Attorneys for the Trustee**
**222 Lakeview Ave., Suite 800**
**West Palm Beach FL 33401**
**Telephone: (561) 838-4523**
**Facsimile: (561) 514-3423**
**Email:**michael.bakst@ruden.com
marla.neufeld@ruden.com

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Michael R. Bakst        efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com

- William E Grantmyre        wgrantmyre@dstern.com, bankruptcyecf@dstern.com

- Deborah Menotte        menottetrustee@gmail.com, FL43@ecfcbis.com

- Marla B Neufeld        efile1542@ruden.com, efile2565@ruden.com

- Office of the US Trustee        USTPRegion21.MM.ECF@usdoj.gov

- Lindsey A Savastano        lsavastano@dstern.com, bankruptcyecf@dstern.com

- Wayne B Spivak        sobkmail@defaultlawfl.com

- Mark E Steiner        msteiner@dstern.com, bankruptcyecf@dstern.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Martin P. Blaya
900 S. Pine Island Road # 400
Plantation, 33324

Stan L Crooks
1696 Old Okeechobee Rd #1G
West Palm Beach, FL 33409

Terry R. Eichas
6926 Skyline Drive
Delray Beach, FL 33446

Steven G. Goerke, Esq.
McRae Law Offices, P.A.
5300 West Atlantic Avenue, Suite 412
Delray Beach, Florida 33484