TRUSTEE
EXHIBIT

Blumberg No. 5110

## A. SETTLEMENT STATEMENT

U.S. Department of Housing
and Urban Development

OMB No. 2502-0265

| B. Type of Loan | | | |
|---|---|---|---|
| 1. ___ FHA   2. ___ RHS   3. _X_ Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
| 4. ___ VA   5. ___ Conv. Ins. | 06003 | 70 | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| GJTT, LLC | CHARLES L. MCKIBBEN | HEARTLAND NATIONAL BANK |
| | J.B. DELANEY | |
| 1405-117 S. FEDERAL HIGHWAY | | 320 HIGHWAY 27 NORTH |
| DELRAY BEACH, FL 33483-5060 | 925 LAKE LOTELA DRIVE | SEBRING, FL 33870 |
| | AVON PARK, FL 33825 | |

| G. Property Location | H. Settlement Agent | | |
|---|---|---|---|
| | Royalty Title, Inc. | | |
| 7958 STATE ROAD 64 E | | | |
| WAUCHULA, FL 33873 | Place of Settlement | | I. Settlement Date |
| | 640 East Atlantic Avenue | | |
| | Delray Beach, Florida 33483 | | 02/14/06 |

*II acres*

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 220,000.00 | 401. Contract sales price | 220,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 5,150.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes            to | | 406. City/town taxes           to | |
| 107. County taxes               to | | 407. County taxes              to | |
| 108. Assessments                to | | 408. Assessments               to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 225,150.00 | **420. GROSS AMOUNT DUE TO SELLER** | 220,000.00 |
| **200. Amounts Paid By or in Behalf of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 20,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 154,000.00 | 502. Settlement charges to seller (line 1400) | 20,000.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes            to | | 510. City/town taxes           to | |
| 211. County taxes               to | | 511. County taxes              to | |
| 212. Assessments                to | | 512. Assessments               to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 174,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 20,000.00 |
| **300. Cash At Settlement From or To Borrower** | | **600. Cash At Settlement To or From Seller** | |
| 301. Gross amount due from borrower (line 120) | 225,150.00 | 601. Gross amount due to seller (line 420) | 220,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 174,000.00 | 602. Less reduction amount due seller (line 520) | 20,000.00 |
| 303. CASH   FROM   BORROWER | 51,150.00 | 603. CASH   TO   SELLER | 200,000.00 |

You are required by law to provide the Settlement Agent with your correct taxpayer identification number. If you do not provide Royalty Title, Inc.
with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.
CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
number shown on this statement is my correct taxpayer identification number.

CHARLES L. MCKIBBEN                                          Tax ID Number                    J.B. DELANEY                                          Tax ID Number

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).
SUBSTITUTE 1099: This information is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

02-08-2006 at  1:01 PM

U.S. DEPARTMENT OF HOUSING AND ___ N DEVELOPMENT    **SETTLEMENT STATEMENT**    PAGE 2

| L. SETTLEMENT CHARGES: | | FILE #: 06004 | | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | | 220,000.00 @ | | • | 5,000.00 | | |
| Division of commission (line 700) as follows: | | | | | | | |
| 701. $ | 4,250.00 to NATIONAL AUCTION COMPANY | | | | | | |
| 702. $ | 750.00 to HOMES OF DISTINCTION | | | | | | |
| 703. Commission paid at Settlement | | | | | | | 5,000.00 |
| 704. | | | | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | P.O.C. | | |
| 801. Loan Origination Fee | % | | | | | | |
| 802. Loan Discount | % | | | | | | |
| 803. Appraisal Fee | to | HEARTLAND NATIONAL BANK | | | | 350.00 | |
| 804. Credit Report | to | | | | | | |
| 805. Lender's Inspection Fee | to | | | | | | |
| 806. Mtg. Ins. Application Fee | to | | | | | | |
| 807. Assumption Fee | to | | | | | | |
| 808. LOAN FEE | | HEARTLAND NATIONAL BANK | | | | 500.00 | |
| 809. FUTURE SATISFACTION | | HEARTLAND NATIONAL BANK | | | | 10.00 | |
| 810. TAX SERVICE FEE | | HEARTLAND NATIONAL BANK | | | | 58.00 | |
| 811. WIRE FEE | | HEARTLAND NATIONAL BANK | | | | 15.00 | |
| 812. | | | | | | | |
| 813. | | | | | | | |
| 814. | | | | | | | |
| 815. | | | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | | | |
| 901. Interest from | to | @ $ | /day | | Days | | |
| 902. Mortgage Insurance Premium for | | to | | | | | |
| 903. Hazard Insurance Premium for | yrs. | to | | | | | |
| 904. | | | | | | | |
| 905. | | | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | | | | | |
| 1001. Hazard Insurance | | mo.@$ | /mo. | | | | |
| 1002. Mortgage Insurance | | mo.@$ | /mo. | | | | |
| 1003. City property taxes | | mo.@$ | /mo. | | | | |
| 1004. County property taxes | | mo.@$ | /mo. | | | | |
| 1005. Annual Assessments | | mo.@$ | /mo. | | | | |
| 1006. | | mo.@$ | /mo. | | | | |
| 1007. | | mo.@$ | /mo. | | | | |
| 1008. | | | | | | | |
| **1100. TITLE CHARGES** | | | | | | | |
| 1101. Settlement or closing fee | to | Royalty Title, Inc. | | | | 150.00 | |
| 1102. Abstract or title search | to | WESTCOR LAND TITLE | | | | 80.00 | |
| 1103. Title examination | to | Royalty Title, Inc. | | | | 100.00 | |
| 1104. Title insurance binder | to | | | | | | |
| 1105. Document preparation | to | | | | | | |
| 1106. Notary fees | to | | | | | | |
| 1107. Attorney's fees | to | | | | | | |
| (includes above items No: | | | ) | | | | |
| 1108. Title insurance | to | Royalty Title, Inc. | | | | 1,275.00 | |
| (includes above items No: | | | ) | | | | |
| 1109. Lender's coverage $ | 154,000.00 ---- 100.00 | | | | | | |
| 1110. Owner's coverage $ | 220,000.00 ---- 1175.00 | | | | | | |
| 1111. Endorsements | | | | | | | |
| 1112. | | | | | | | |
| 1113. | | | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | | |
| 1201. Recording fees | Deed $ 18.50; | Mortgage $ 86.50; | Releases $ 0.00 | | | 105.00 | |
| 1202. City/county/stamps | Deed $ | Mortgage $ | | | | | |
| 1203. State tax/stamps | Deed $ 1,540.00; | Mortgage $ 539.00; | | | | 2,079.00 | |
| 1204. Intangible Tax | Deed $ | Mortgage $ 308.00; | | | | 308.00 | |
| 1205. | | | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | | |
| 1301. Survey | to | | | | | | |
| 1302. Pest inspection | to | | | | | | |
| 1303. WIRE AND S&H | | Royalty Title, Inc. | | | | 50.00 | |
| 1304. | | | | | | | |
| 1305. | | | | | | | |
| 1306. | | | | | | | |
| 1307. | | | | | | | |
| 1308. | | | | | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103 and 502, Sections J and K) | | | | | | 5,080.00 | 5,000.00 |

IN THE EVENT A RE-PRORATION OF THE TAXES IS NECESSARY WHEN THE TAX BILLS FOR 2000 ARE PREPARED, THE PARTIES AGREE TO HANDLE SAID RE-PRORATION BETWEEN THEMSELVES. I HAVE carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Richard C. Kott_      _Charles L. McAbee_
Buyer/Borrower      Seller

_Barbara S. Kott_      _Kathy L. McAbee_
Buyer/Borrower      Seller

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Royalty Title, Inc.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

02-08-2006 at 1:14 PM      RESPA, HB 4305.2 – REV. HUD-1 (3/86)



10750

**Royalty Title, Inc**

FILE #: 06003          AMOUNT:          $7,000.00          DATE: 02/14/06          CODE:
                                                          CK #: 10750            ALT:

PAYEE:     -- HOMES OF DISTINCTION

SELLER(S) -- CHARLES L. MCKIBBEN and J.B. DELANEY

BUYER(S)   -- GJTT, LLC

PROPERTY LOCATION --
7958 STATE ROAD 64 E, WAUCHULA, FL 33873

Commission

10750

## A. SETTLEMENT STATEMENT

**U.S. Department of Housing and Urban Development**

| B. Type of Loan | | | | OMB No. 2502-0265 |
|---|---|---|---|---|
| 1. ___ FHA   2. ___ RHS   3. _X_ Conv. Unins. | 6. File Number | 7. Loan Number | | 8. Mortgage Insurance Case Number |
| 4. ___ VA   5. ___ Conv. Ins. | 06004 | (___) | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| GJTT, LLC | CHARLES L. MCKIBBEN | HEARTLAND NATIONAL BANK |
| | KATHY L. MCKIBBEN | |
| 1405-117 S. FEDERAL HIGHWAY | | 320 HIGHWAY 27 NORTH |
| DELRAY BEACH, FL 33483-5060 | 925 LAKE LOTELA DRIVE | SEBRING, FL 33870 |
| | AVON PARK, FL 33825 | |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| STATE ROAD 64 AND PARNELL ROAD | Royalty Title, Inc. | |
| WAUCHULA, FL 33873 | Place of Settlement | I. Settlement Date |
| *20 acres* | 640 East Atlantic Avenue | 02/14/06 |
| | Delray Beach, Florida 33483 | |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | 220,000.00 | 401. Contract sales price | 220,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 5,080.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes       to | | 406. City/town taxes       to | |
| 107. County taxes       to | | 407. County taxes       to | |
| 108. Assessments       to | | 408. Assessments       to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 225,080.00 | 420. GROSS AMOUNT DUE TO SELLER | 220,000.00 |
| 200. Amounts Paid By or In Behalf of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 20,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 154,000.00 | 502. Settlement charges to seller (line 1400) | 5,000.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County taxes       01/01 to 02/14 | 31.44 | 511. County taxes       01/01 to 02/14 | 31.44 |
| 212. Assessments       to | | 512. Assessments       to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 174,031.44 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 5,031.44 |
| 300. Cash At Settlement From or To Borrower | | 600. Cash At Settlement To or From Seller | |
| 301. Gross amount due from borrower (line 120) | 225,080.00 | 601. Gross amount due to seller (line 420) | 220,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 174,031.44 | 602. Less reduction amount due seller (line 520) | 5,031.44 |
| 303. CASH   FROM   BORROWER | 51,048.56 | 603. CASH   TO   SELLER | 214,968.56 |

You are required by law to provide the Settlement Agent with your correct taxpayer identification number. If you do not provide Royalty Title, Inc.
CERTIFICATION: Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

CHARLES L. MCKIBBEN       Tax ID Number
                                               KATHY L. MCKIBBEN       Tax ID Number

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).
SUBSTITUTE 1099: The information contained in Blocks E, G, H, I and on line 401 (or, if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

02-08-2006 at  1:14 PM

RESPA, HB 4305.2 – REV. HUD-1 (3/86)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**SETTLEMENT STATEMENT**

PAGE 2

| L. SETTLEMENT CHARGES: | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ 220,000.00 @ | | 5,000.00 | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ 4,250.00 to NATIONAL AUCTION COMPANY | | | | |
| 702. $ 750.00 to HOMES OF DISTINCTION | | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | 5,000.00 |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | |
| 801. Loan Origination Fee | % | | P.O.C. | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee | to | | | |
| 804. Credit Report | to HEARTLAND NATIONAL BANK | | 350.00 | |
| 805. Lender's Inspection Fee | to | | | |
| 806. Mtg. Ins. Application Fee | to | | | |
| 807. Assumption Fee | to | | | |
| 808. LOAN FEE | HEARTLAND NATIONAL BANK | | | |
| 809. FUTURE SATISFACTION | HEARTLAND NATIONAL BANK | | 500.00 | |
| 810. TAX SERVICE FEE | HEARTLAND NATIONAL BANK | | 10.00 | |
| 811. WIRE FEE | HEARTLAND NATIONAL BANK | | 58.00 | |
| 812. | | | 15.00 | |
| 813. | | | | |
| 814. | | | | |
| 815. | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest from | to @ $ /day Days | | | |
| 902. Mortgage Insurance Premium for | to | | | |
| 903. Hazard Insurance Premium for | yrs to | | | |
| 904. | | | | |
| 905. | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance | mo.@$ /mo. | | | |
| 1002. Mortgage Insurance | mo.@$ /mo. | | | |
| 1003. City property taxes | mo.@$ /mo. | | | |
| 1004. County property taxes | mo.@$ /mo. | | | |
| 1005. Annual Assessments | mo.@$ /mo. | | | |
| 1006. | mo.@$ /mo. | | | |
| 1007. | mo.@$ /mo. | | | |
| 1008. | mo.@$ /mo. | | | |
| 1100. TITLE CHARGES | | | | |
| 1101. Settlement or closing fee | to Royalty Title, Inc. | | | |
| 1102. Abstract or title search | to WESTCOR LAND TITLE | | 150.00 | |
| 1103. Title examination | to Royalty Title, Inc. | | 80.00 | |
| 1104. Title insurance binder | to | | 100.00 | |
| 1105. Document preparation | to | | | |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to | | | |
| (includes above items No: | | | | |
| 1108. Title insurance | to Royalty Title, Inc. ) | | | |
| (includes above items No: | ) | | 1,275.00 | |
| 1109. Lender's coverage $ 154,000.00 .... 100.00 | | | | |
| 1110. Owner's coverage $ 220,000.00 .... 1175.00 | | | | |
| 1111. Endorsements | | | | |
| 1112. | | | | |
| 1113. | | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | |
| 1201. Recording fees Deed $ 18.50; Mortgage $ 86.50; Releases $ 0.00 | | | 105.00 | |
| 1202. City/county/stamps Deed $ Mortgage $ | | | | |
| 1203. State tax/stamps Deed $ 1,540.00; Mortgage $ 539.00; | | | 2,079.00 | |
| 1204. Intangible Tax Deed $ Mortgage $ 308.00; | | | 308.00 | |
| 1205. | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | |
| 1301. Survey | to | | | |
| 1302. Pest Inspection | to | | | |
| 1303. WIRE AND S&H | Royalty Title, Inc. | | 50.00 | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | 5,080.00 | 5,000.00 |

IN THE EVENT A RE-PRORATION OF THE TAXES IS NECESSARY WHEN THE TAX BILLS FOR 2006 ARE PREPARED, THE PARTIES AGREE TO HANDLE SAID RE-PRORATION BETWEEN THEMSELVES. I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____ Buyer/Borrower

_____ Buyer/Borrower

_____ Seller

_____ Seller

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Royalty Title, Inc.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Date 11/1/06

RESPA, HB 4305.2 – REV. HUD-1 (3/86)

Congress Center, Suite 202
1325 South Congress Avenue
Boynton Beach, Florida 33426
(561)364-7004 • Fax:(561)364-8803



*Licensed Real Estate Brokers*
*& Auctioneers*
*AB640 • AU899*

## REAL ESTATE PURCHASE AGREEMENT

NATIONAL AUCTION SALES COMPANY, as Agent, acknowledges receipt from ___Terry Eicher or Assigns___

hereinafter called Purchaser, of the sum of ___Twenty thousand___ ($ 20,000 ___)DOLLARS,

as deposit on account of offer to purchase the property of ___Charles L. McKibben and Kathy L. McKibben, located at___

___SR 64 and Parnell Road, Wauchula, Hardee County, Florida___
hereinafter called Seller.

### WITNESSETH

1. In consideration of the mutual covenants and agreements hereinafter set forth, Seller and Purchaser agree as follows:
2. Seller agrees to sell to Purchaser and Purchaser agrees to purchase from Seller all that certain tract of land described as follows, together with all rights, easements, and appurtenances thereto (the "Real Estate"). (Attach Exhibit "A", if necessary)
   Full Purchase Price $ ___22,0 mill___ , of which the above deposit shall apply as part and shall be held by NATIONAL AUCTION SALES COMPANY, Licensed Real Estate Broker, and shall be deposited in a non-interest bearing Escrow Account pursuant to the rules and regulations of the Florida Real Estate Commission. The 10% Buyer's Premium is included in the full purchase price.
3. Seller shall purchase and deliver to Buyer title insurance policy on the real property covered hereunder in the amount of the full purchase price.
   In the event the title shall be proven to be unmerchantable, the Seller shall have a period of 60 days after written notification thereof within which to cure defects in title, and this sale shall be closed within ___30___ days after notice to the Buyer or his attorney of such closing. Upon Seller's failure to correct unmerchantability within the time limit, the earnest money deposit shall be returned to the Buyer upon demand and all rights and liabilities arising hereunder shall terminate. Subject to the aforesaid curative period, this sale shall be closed on or before ___January 16, 2006___
4. Seller agrees to convey to the aforesaid property to the Buyer by ___Warranty Deed___ free and clear of all encumbrances or liens except ___
5. The required documentary stamps to be placed on the deed shall be paid by ___Purchaser___
6. All adjustments of taxes, insurance premiums, interest, assessments and rents, or other items on the said property are to be made on a pro rata basis as of the date of closing. Purchaser to be charged for day of closing. If the amount of taxes and assessments for the current year cannot be ascertained, rates for the previous year shall be used in pro rating taxes and assessments due allowance being made for homestead and other exemptions, if allowed for either year.
7. The Seller agrees to pay the Agent a commission for services performed as outlined in the Exclusive Listing Agreement, at the time of closing this transaction. If the Buyer fails to perform this contract within the time herein specified, time being of the essence of this agreement, (1) the Seller may, at his option, take legal action to enforce the specific performance of this contract or, in the alternative, the Seller may demand and receive from the escrow agent one-half of all deposits herein paid as consideration for the release of the Buyer by Seller as agreed in liquidated damages between them, in either of which events Buyer shall pay reasonable attorney's fees and costs incurred by Seller for any such actions and (2) the Purchaser shall become liable to the Real Estate Broker for his Brokerage Commission on the Broker may, at Broker's option, demand and receive from the escrow agent one-half of all deposits paid not exceeding the Broker's commission as set forth herein as consideration for the release of the Buyer by Broker from any and all further obligations under this contract to Broker in either of which events Buyer shall pay Broker reasonable attorney's fees and costs incurred by Broker for any such action to enforce Broker's Rights under this paragraph. Buyer agrees to keep Broker fully informed as to status and progress of transaction. Should the transaction not be consummated as herein provided due to any default or failure on part of the Seller, (1) the Purchaser may, at his option take legal action to enforce the specific performance of this contract, or in the alternative, the Purchaser may demand and receive from the escrow agent the return of the deposit, in either of which events Seller shall pay reasonable attorney's fees and costs incurred by Purchaser in any such actions and (2) the Seller shall pay the Real Estate Broker's Commission upon demand and agrees to pay reasonable attorney's fees and costs incurred in the collection of the Broker's Commission. If the transaction shall not be closed because of refusal of the Seller to perform, then the Seller shall pay said commission to the agent on demand. Failure or refusal of wife or husband of Seller to execute deed or mortgage required hereunder shall be deemed default on the part of such Seller or Purchaser.
8. The words "Agent," "Purchaser," and "Seller" herein employed shall include their heirs, administrators, executors, and successors, and said words and any pronouns relative thereto, shall include the masculine, feminine and neuter gender, and the singular and plural number, wherever the context so admits or requires.
9. This instrument shall become effective as a contract when signed by the Agent, Buyer, and Seller. If not signed by all parties on or before ___December 10, 2005___ any monies deposited shall be refunded and this instrument shall be void.   Dec 13
10. No agreements, unless incorporated in this contract shall be binding upon the Agent, or Seller.
11. If the improvements are damaged by fire or other casualty before the closing hereunder and can be restored to substantially the same conditions as now within a period of 60 days thereafter, the Seller shall so restore the improvements and the closing date herein above set shall be extended accordingly; but if such restorations cannot be completed within that time, this contract shall be declared canceled.
12. Executed in multiple originals, as of the day and year first above written.
13. Purchaser acknowledges that an inspection was made of the real estate and personal property, if any, or Purchaser is familiar therewith to the extent desired, and with respect to this Contract, is satisfied in all respects with the condition of the real estate and personal property, if any, and with the availability of all necessary utilities. Purchaser understands Seller makes no representations as to the condition, quality or serviceability of the real estate and personal property, if any, for any particular purpose. Purchaser understands that by entering into this Contract, purchaser is agreeing to accept the real estate and personal property, if any, in an "AS IS" condition.
14. This Agreement is not subject to the Purchaser being able to qualify for financing. In the case of default, Purchaser shall forfeit the deposit.
15. All notices and other communications required under this Agreement shall be in writing and delivered either personally or by depositing the same, postage prepaid, in the United States mail, addressed to the party hereto to whom the same is directed at the following addresses:

PURCHASER(S): ___Terry Eichas or Assigns___ ADDRESS: ___640 E Atlantic Ave Sty___
CITY: ___Delray Bch___ TEL.#: ___ STATE: ___FL___ ZIPCODE: ___33483___
SELLER: ___Charles L. McKibben & Kathy L. McKibben___ ADDRESS: ___
CITY: ___ TEL. #: ___ STATE: ___ ZIP CODE: ___

17. Special Stipulations: (if any):
___R 2 days with Insp___

NATIONAL AUCTION SALES COMPANY

Agent: ___[signature]___

WITNESSES AS TO SIGNATURE(S) OF BUYER(S):

___[signature]___          Buyer: ___[signature]___

___[signature]___          Buyer: ___

WITNESSES AS TO SIGNATURE(S) OF SELLER(S):

___[signature]___          ACCEPTED AND APPROVED THIS ___ DAY
OF ___December___ 2005.
___[signature]___          Seller: ___Charles L McKibben___
                           Seller: ___

jaragmi 499

THIS INSTRUMENT PREPARED BY AND RETURN TO:
**Priscilla Harris**
Royalty Title, Inc.
640 East Atlantic Avenue
Delray Beach, Florida 33483

Inst:2006001752 Date:02/27/2006 Time:13:57
Doc Stamp-Deed :   1540.00
_____ DC,B. Hugh Bradley,Hardee County B:698 P:293

Property Appraisers Parcel Identification (Folio) Numbers:
28-33-27-0000-07000-0000
Grantee SS #:

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

**THIS WARRANTY DEED**, made the **14th** day of **February**, A.D. 2006 by **CHARLES L. MCKIBBEN and KATHY L. MCKIBBEN, HUSBAND AND WIFE**, herein called the grantors, to **GJTT, LLC** whose post office address is **1405-117 S. FEDERAL HIGHWAY, DELRAY BEACH, FL 33483-5060**, hereinafter called the Grantee:
(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**W I T N E S S E T H**:  That the grantors, for and in consideration of the sum of TEN AND 00/100'S  ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in HARDEE County, State of Florida, viz:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Subject to easements, restrictions and reservations of record and to taxes for the year 2006 and thereafter.

**TOGETHER**, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD**, the same in fee simple forever.

**AND**, the grantors hereby covenant with said grantee that the grantors are lawfully seized of said land in fee simple; that the grantors have good right and lawful authority to sell and convey said land, and hereby warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2005.

**IN WITNESS WHEREOF**, the said grantors have signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_Donna T. Vinson_
Witness #1 Signature
_Donna T. Vinson_
Witness #1 Printed Name

_Amber Lowe_
Witness #2 Signature
_Amber Lowe_
Witness #2 Printed Name

_Charles L McKibben_                    L.S.
**CHARLES L. MCKIBBEN**
925 LAKE LOTELA DRIVE, AVON PARK, FL 33825

_Kathy McKibben_                    L.S.
**KATHY L. MCKIBBEN**
925 LAKE LOTELA DRIVE, AVON PARK, FL 33825

STATE OF _Florida_
COUNTY OF _Highlands_

The foregoing instrument was acknowledged before me this _14th_ day of _February_ _2006_ by CHARLES L. MCKIBBEN and KATHY L. MCKIBBEN who are personally known to me or have produced _____ as identification.

SEAL

_Jerry T. Whidden_
Notary Signature
_____
Printed Notary Signature

My Commission Expires:

JERRY T. WHIDDEN
Notary Public, State of Florida
My Commission Expires 2/29/09
Commission No. DD384548

File Number: wp05-5756

## EXHIBIT "A"

A portion of Section 28 and 33, Township 33 South, Range 27 East, Hardee County, Florida and being more particularly described as follows: Begin at the Southwest corner of the Southeast ¼ of said Section 28; thence North 89°49'08" East along the South line of said Section 28, also being the North line of said Section 33, a distance of 1607.00 feet; thence North 52°17'51" East a distance of 637.55 feet; thence South 00°13'36" West a distance of 1287.04 feet; thence North 63°59'00" West a distance of 684.10 feet; thence North 85°30'00" West a distance of 361.00 feet; thence North 00°14'26" East a distance of 400.00 feet; thence North 85°11'24" West a distance of 1137.42 feet to a point on the West line of the Southeast ¼ of said Section 33; thence North 00°28'05" East along said West line a distance of 69.06 feet to the Point of Beginning. Less road right of way on the West side. Subject to easements, reservations and restrictions of record.

Inst:2006001752 Date:02/27/2006 Time:13:57
Doc Stamp-Deed :  1540.00
————— ☆☆ DC,B. Hugh Bradley,Hardee County B:698 P:284



10759

**Royalty Title, Inc**

FILE #: 06004          AMOUNT:          $750.00          DATE: 02/14/06          CODE:

                                                        CK #: 10759          ALT:

PAYEE:     -- HOMES OF DISTINCTION

SELLER(S) -- CHARLES L. MCKIBBEN and KATHY L. MCKIBBEN

BUYER(S)  -- GJTT, LLC

PROPERTY LOCATION --
STATE ROAD 64 AND PARNELL ROAD, WAUCHULA, FL 33873

Commission

10759

| | | | | |
|---|---|---|---|---|
| RECENT SALES IN THIS AREA | PREVIOUS PARCEL NEXT PARCEL | RETURN TO MAIN SEARCH PAGE | HARDEE HOME | RECORD CARD PRINT |

| OWNER NAME | MCKIBBEN CHARLES L & KATHY L | TODAY'S DATE | December 15, 2005 |
|---|---|---|---|
| MAILING ADDRESS | 53 VINYARDS ROAD | PARCEL NUMBER | 28-33-27-0000-07000-0000 |
| | HAYSVILLE, NC 28704 | MILLAGE GROUP | UNINCORPORATED COUNTY (900) |
| | | TOTAL MILLAGE | 17.6373 MILLS |
| | | PROPERTY USAGE | PASTURELAND CLASS II (006100) |
| LOCATION ADDRESS | ST RD 64 E | PARCEL MAP | Show Parcel Map |

## 2005 CERTIFIED VALUES

| JUST VALUE OF NON-AG LAND | LAND VALUE AGRICULTURAL | BUILDING VALUE | TOTAL MISC VALUE | CLASSIFIED VALUE | JUST VALUE | ASSESSED VALUE | EXEMPT VALUE | TAXABLE VALUE | HOME STEAD |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 1,816 | 0 | 0 | 1,816 | 31,140 | 1,816 | 0 | 1,816 | N |

## LAND INFORMATION

| LAND USE | NUMBER OF UNITS | UNIT TYPE | SEC-TWN-RNG |
|---|---|---|---|
| IMPROVED / TYPICAL | 10.380 | ACRES | 28-33-27 |

| SHORT LEGAL | 10.38 AC BEG AT SE CORNER OF SECTION RUN S 89 DEG 49M 08S W 1038.09 FT N 52 DEG 17M 51S E |
|---|---|
| | Show Complete Legal Description |

## BUILDING DATA

| BUILDING # | TYPE | TOTAL AREA | HEATED AREA | BED ROOMS | BATHS | PRIMARY EXTERIOR | HEATING | COOLING | ACTUAL YEAR BUILT |
|---|---|---|---|---|---|---|---|---|---|
| | | | No buildings associated with this parcel. | | | | | | |

## MISCELLANEOUS DATA

| DESCRIPTION | LENGTH | WIDTH | UNITS | YEAR BUILT |
|---|---|---|---|---|
| | | No records associated with this parcel. | | |

## SALES DATA

| SALE DATE | BOOK | PAGE | PRICE | INSTRUMENT | QUALIFICATION | IMPROVED? (AT TIME OF SALE) | GRANTOR | GRANTEE |
|---|---|---|---|---|---|---|---|---|
| 01-24-2005 | 676 | 46 | 344,300 | WARRANTY DEED | UNQUALIFIED | NO | HEALY SARA BUTT | MCKIBBEN CHARLES L & KATHY L |
| 09-01-1988 | 359 | 416 | 0 | UNQUALIFIED | UNQUALIFIED | NO | | HEALY SARA BUTT |

The Hardee County Property Appraiser's Office makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. The assessment information is from the last certified taxroll. All data is subject to change before the next certified taxroll. Website Updated: December 1, 2005

| RECENT SALES IN THIS AREA | PREVIOUS PARCEL NEXT PARCEL | RETURN TO MAIN SEARCH PAGE | HARDEE HOME |
|---|---|---|---|

© 2002 by the County of Hardee, FL | Website design by qpublic.net





Licensed Real Estate Brokers & Auctioneers
AB640 · AU899

Congress Center, Suite 202
1325 South Congress Avenue
Boynton Beach, Florida 33426
Toll Free: 1-800-659-7004
Telephone: 561-384-7004
Facsimile: 561-364-8803
www.natlauction.com

## FACSIMILE TRANSMITTAL

TO:        Priscilla Harris
AT:        Royal Title Inc.
FAX NO.:   921-0272
FROM:      Linda Cadel
DATE:      ~~12/16/05~~  12/20/05

Number of pages, including this transmittal sheet:      4

In accordance with Terry Eichas' request yesterday, following is the parcel number from
the seller and property information sheet for the 10 Acres located at SR 64 & Parnell
Road, Hardee County, along with a copy of the Real Estate Purchase Agreement for
your file.

If you require anything further, please advise

cc      Terry Eichas, Homes of Distinction
        Fax: 272-1079

*Additional information
received from Seller.*

```
@ -CAN112M01        CamaUSA Appraisal System                          Hardee County
12/19/2005 15:23    Legal Description Maintenance                       Land  000
Year T Property                                    Set         392     AG    001
2006 R 28-33-27-0000-07000-0000_____  ... _                          Bldg  000
       ST RD 64 E                                                      Xtea  000
       MCKIBBEN CHARLES L & KATHY L                          392       TOTAL     R

      1   2.24 AC  COM AT SE CORNER OF      SECTION RUN S 89 DEG 49M 00S W       2
      3   535.19 FT FOR POB S 89 DEG       49M 00S W 503.90 FT N 52 DEG          4
      5   17M 51S E 637.55 FT S 38 DEG     13M 36S W 388.32 FT TO POB            6
      7   28 33S 27E                       359P416 676P46 AFF-676P29P31          8
      9   692P124                                                               10
     11                                                                         12
     13                                                                         14
     15                                                                         16
     17                                                                         18
     19                                                                         20
     21                                                                         22
     23                                                                         24
     25                                                                         26
     27                                                                         28

 F1=Task  F3=Exit  F4=Prompt  F10=GoTo  PgUp/PgDn  F24=More    Mnt 12/19/2005 VERNON
```

12/19/2005 15:48    8637730954        HARDEE PROPERTY APPR                    PAG  10

@ CAN112M01      CamelUSA Appraisal System                           Hardee Count
12/19/2005 15:49  Legal Description Maintenance                      Land    000
Year T Property                              Sel         2778        AG      002
2006 R 33-33-27-0000-02500-0000_____ ... _                        Bldg    000
                                                                    Xfea    000
        MCKIBBEN CHARLES L & KATHY L                        2778    TOTAL      B

  1  18.85 AC THAT PORTION OF        NE1/4 LYING N OF CENTER LINE         2
  3  OF CANAL BEING:  BEG AT         THE NW COR OF NE1/4 FOR POB          4
  5  RUN THENCE N 89 DEG 37 MIN      47 SEC E 2115.75 FT S 00 DEG         6
  7  13 MIN 36 SEC W 898.72 FT       TO PT IN CENTER LINE OF DITCH        8
  9  RUNNING NW/LY THENCE            N 63 DEG 59 MIN W 684.10 FT         10
 11  THENCE N 85 DEG 30M 00S W       1500 FT TO PT IN W LINE OF          12
 13  ABOVE SAID NE1/4 N 30 DEG       17 MIN 10 SEC E ALONG W LINE        14
 15  OF ABOVE SAID NE1/4 464.80 FT   TO POB LESS COM NW CORNER OF        16
 17  NE1/4 OF SECTION RUN            S 00 DEG 28M 05S W 64.81 FT         18
 19  FOR POB S 00 DEG 28M 05S W 400  FT S 85 DEG 11M 24S E 1000 FT       20
 21  N 00 DEG 28M 05S E 400 FT       N 85 DEG 11M 24S W 1090 FT TO       22
 23  POB 33 33S 27E 359P416 592P121  676P46 AFF-676P28P31 677P100?       24
 25  692P124                                                             26
 27                                                                      28

F1=Task  F3=Exit  F4=Prompt  F10=GoTo  PgUp/PgDn  F24=More        Mnt 12/19/2005 VERNON

# O W N E R ' S   F O R M

## Schedule A

State: FL  County: Hardee

Agent/Branch #: FL1012*06-004

| File Number 0203*wp05-5756 | Policy Number OP-1-FL1012-33 | Effective Date February 27, 2006 | Effective Time 13:57 P.M. | Amount of Policy $220,000.00 |
|---|---|---|---|---|
| Commitment #: CM-1-FL1012- | Simultaneous #: LP-1-FL1012-52 | | Reinsurance #: | |

1.     Name of Insured:

    **GJTT, LLC.**

2.     The estate or interest in the land described herein and which is covered by this policy is:

    **Fee Simple**

3.     The estate or interest referred to herein is at Date of Policy vested in the insured.

4.     The land referred to herein is described as follows:
    **See attached Exhibit "A" for legal description.**

Countersigned Authorized Signatory

Issued By: FL1012*06-004
**Royalty Title Inc.
640 E. Atlantic Ave.
Delray Beach, FL 33483**

Note:  This Policy consists of insert pages labeled Schedule A and B. This policy is of no force and effect unless all pages are included along with any added pages incorporated by reference.

## EXHIBIT "A"

A portion of Section 28 and 33, Township 33 South, Range 27 East, Hardee County, Florida and being more particularly described as follows: Begin at the Southwest corner of the Southeast ¼ of said Section 28; thence North 89°49'08" East along the South line of said Section 28, also being the North line of said Section 33, a distance of 1607.00 feet; thence North 52"17'51" East a distance of 637.55 feet; thence South 00°13'36" West a distance of 1287.04 feet; thence North 63°59'00" West a distance of 684.10 feet; thence North 85°30'00" West a distance of 361.00 feet; thence North 00°14'26" East a distance of 400.00 feet; thence North 85°11'24" West a distance of 1137.42 feet to a point on the West line of the Southeast ¼ of said Section 33; thence North 00°28'05" East along said West line a distance of 69.06 feet to the Point of Beginning. Less road right of way on the West side. Subject to easements, reservations and restrictions of record.

# O W N E R ' S   F O R M

## Schedule B

This policy does not insure against loss or damage by reason of the following exceptions:

1. Rights or claims of parties in possession not shown by the Public Records.

2. Encroachments, overlaps, boundary lines disputes, and other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Easements or claims of easements not shown by the Public Records.

4. Taxes or special assessments which are not shown as existing liens by the public records.

5. Taxes and assessments for the year 2006 and subsequent years, which are not yet due and payable.

   * * * The following items, as listed above, are hereby deleted: **1 and 4** * * *

6. Right-of-Way of Parnell Road a/k/a SR 671 and SR 64, being in Hardee County, Florida.

7. Riparian rights and littoral rights, if any, incident to the land.

8. Subject to any existing R/W of Peace River Electric Co-Op.

9. Any lien provided by Chapter 159, Florida Statutes in favor of any city, town, village or port authority for unpaid service charges for service by any water system, sewer system, or gas system serving the land described herein.

10. Mortgage in favor of HEARTLAND NATIONAL BANK, as recorded in Instrument Number 2006001753, of the Public Records of Hardee County, Florida.

Note:    This Policy consists of insert pages labeled Schedule A and B. This policy is of no force and effect unless all pages are included along with any added pages incorporated by reference.


**GERMAINE**
**SURVEYING INC.**
PROFESSIONAL LAND SURVEYORS
3803 KENILWORTH BLVD. BUS. (863) 385-6856
SEBRING, FL    33870 FAX. (863) 382-4531

# Invoice

Bill To:

Royalty Title, Inc.

851 SE 6th Ave., #108

Delray Beach, FL   33483

| Date: | 7/20/2006 |
|---|---|
| Invoice #: | 26836 |

| Attention | Job No. | Task No. |
|---|---|---|
| Priscilla Harris | 323-06 | 323-06-001 |

Task Type: BS    Boundary Survey

Parnell Rd

County: Hardee    Municipality: Wauchula

Section: 28 & 33

A portion of Section 28 and 33, Township 33 South, Range 27 East, Hardee County

**Transaction Details**

| Date | Description | Amount |
|---|---|---|
| 7/20/2006 | Boundary survey as one property | $3,000.00 |

| | |
|---|---|
| Discount: | $0.00 |
| Interest: | $0.00 |
| **TOTAL DUE:** | **$3,000.00** |

PAYMENT DUE UPON RECEIPT OF INVOICE.  INTEREST AT THE RATE OF 1 1/2% PER MONTH WILL BE CHARGED ON UNPAID AMOUNTS AFTER 30 DAYS OF INVOICE UNLESS ARRANGEMENTS ARE MADE IN ADVANCE.  PURCHASER AGREES TO PAY ALL COSTS OF COLLECTION, INCLUDING ATTORNEY FEES, IN THE EVENT IT IS NECESSARY TO INSTITUTE SUIT FOR COLLECTION.

# FAX COVER SHEET

To:                 Barbara Roth
                    R.A. Roth & Company

Fax Number:         260-489-8927
Voice Number:

From:               Terry R. Eichas
                    Homes of Distinction Realty, Inc.

Fax Number:         561-272-1079
Voice Number:       561-272-4201

RE:                 Vacant Landin Wauchula

Message:            Hi Dick & Barb,
                    Just got the surveys today. Finally we can get started getting property control numbers and
                    gettting the parcels properly listed. We have had a few calls on the signs but I'm sure you
                    know, we have gotten very slow here in the real estate market.
                    I'm sending copies of the bills and a copy of the check that will go out today. Talk to you
                    soon.
                    Terry

Date sent:          07/25/2006
Time sent:          02:02pm

Page 1 of 4

To  George  Richards

10 AC  Tract

ID   28-33-27-0100-00001-0001

18.85 AC
~~40 AC~~
2.24 AC   28-33-27-0000-07000-0000

33-33-27-0000-02500-0000

Charles M.Kibben

Roy L. Crawford, Hardee County Property Appraiser

| | | | | |
|---|---|---|---|---|
| RECENT SALES IN THIS AREA | PREVIOUS PARCEL / NEXT PARCEL | RETURN TO MAIN SEARCH PAGE | HARDEE HOME | RECORD CARD PRINT |

| OWNER NAME | GJTT LLC | TODAY'S DATE | June 13, 2006 |
|---|---|---|---|
| MAILING ADDRESS | 1405-177 S FEDERAL HIGHWAY | PARCEL NUMBER | 28-33-27-0000-07000-0000 |
| | DELRAY BEACH, FL 334835060 | MILLAGE GROUP | UNINCORPORATED COUNTY (900) |
| | | TOTAL MILLAGE | 17.6373 MILLS |
| | | PROPERTY USAGE | VACANT (000000) |
| LOCATION ADDRESS | ST RD 64 E | PARCEL MAP | Show Parcel Map |

## 2005 CERTIFIED VALUES

Tax Collector Bill

| JUST VALUE OF NON-AG LAND | LAND VALUE AGRICULTURAL | BUILDING VALUE | TOTAL MISC VALUE | CLASSIFIED VALUE | JUST VALUE | ASSESSED VALUE | EXEMPT VALUE | TAXABLE VALUE | HOME STEAD |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 1,816 | 0 | 0 | 1,816 | 20,160 | 1,816 | 0 | 1,816 | N |

## LAND INFORMATION

| LAND USE | NUMBER OF UNITS | UNIT TYPE | SEC-TWN-RNG |
|---|---|---|---|
| VAC RES (000000) | 2.240  20 A | ACRES | 28-33-27 |

| SHORT LEGAL | 2.24 AC COM AT SE CORNER OF SECTION RUN S 89 DEG 49M 08S W 535.19 FT FOR POB S 89 DEG |
|---|---|

Show Complete Legal Description

## BUILDING DATA

| BUILDING # | TYPE | TOTAL AREA | HEATED AREA | BED ROOMS | BATHS | PRIMARY EXTERIOR | HEATING | COOLING | ACTUAL YEAR BUILT |
|---|---|---|---|---|---|---|---|---|---|

No buildings associated with this parcel.

## MISCELLANEOUS DATA

| DESCRIPTION | LENGTH | WIDTH | UNITS | YEAR BUILT |
|---|---|---|---|---|

No records associated with this parcel.

## SALES DATA

| SALE DATE | BOOK | PAGE | PRICE | INSTRUMENT | QUALIFICATION | IMPROVED? (AT TIME OF SALE) | GRANTOR | GRANTEE |
|---|---|---|---|---|---|---|---|---|
| 02-27-2006 | 699 | 293 | 220,000 | WARRANTY DEED | UNQUALIFIED | NO | MCKIBBEN CHARLES L & KATHY L | GJTT LLC |
| 01-24-2005 | 676 | 46 | 344,300 | WARRANTY DEED | UNQUALIFIED | NO | HEALY SARA BUTT | MCKIBBEN CHARLES L & KATHY L |
| 09-01-1988 | 359 | 416 | 0 | UNQUALIFIED | UNQUALIFIED | NO | | HEALY SARA BUTT |

The Hardee County Property Appraiser's Office makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. The assessment information is from the last certified taxroll. All data is subject to change before the next certified taxroll. Website Updated: May 12, 2006

| | | | |
|---|---|---|---|
| RECENT SALES IN THIS AREA | PREVIOUS PARCEL / NEXT PARCEL | RETURN TO MAIN SEARCH PAGE | HARDEE HOME |

© 2002 by the County of Hardee, FL | Website design by gpublic.net

# *Certificate of Status*

I certify from the records of this office that GJTT, LLC, is a limited liability company organized under the laws of the State of Florida, filed electronically on January 18, 2006.

The document number of this company is L06000006171.

I further certify that said company has paid all fees due this office through December 31, 2006, and its status is active.

I further certify that this is an electronically transmitted certificate authorized by section 15.16, Florida Statutes, and authenticated by the code noted below.

Authentication Code: 060119083341-800063997708#1

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capital, this the
Nineteenth day of January, 2006



Sue M. Cobb
Sue M. Cobb
Secretary of State

Print Review IRS Form SS-4 EIN                                                                 Page 1 of 1

| Form **SS-4**<br>(Rev. December 2001)<br>Department of the Treasury<br>Internal Revenue Service | **Application for Employer Identification Number**<br>(For use by employers, corporations, partnerships, trusts, estates, churches, government agencies, Indian tribal entities, certain individuals, and others.)<br>► See separate instructions for each line.  ► Keep a copy for your records. | EIN<br>██████1<br>OMB No. 1545-0003 |
|---|---|---|

| 1* Legal name of entity (or individual) for whom the EIN is being requested<br>GJTT LLC |||
|---|---|---|
| 2 Trade name of business (if different from name on line 1) | | 3 Executor, trustee, "care of" name |
| 4a* Mailing address (room, apt., suite no. and street, or P.O. box)<br>2209 BEECHMONT DRIVE | | 5a Street address (if different) (Do not enter a P.O. box) |
| 4b* City, state, and ZIP code<br>FORT WAYNE  IN  46825 - 3965 | | 5b City, state, and ZIP code |
| 6* County and state where principal business is located<br>County    PALM BEACH    State   FL |||
| 7a* Name of principal officer, general partner, grantor, owner, or trustor<br>RICHARD A ROTH | | 7b* SSN, ITIN, EIN<br>████████0427 |

**8a*** Type of entity (check only one)

- ☐ Sole Proprietor (SSN)
- ☒ Partnership
- ☐ Corporation (enter form number to be filed) ►
- ☐ Personal Service
- ☐ Church or church-controlled organization
- ☐ Other nonprofit organization (specify) ►
- ☐ Other (specify) ►
- ☐ Estate (SSN of decedent)
- ☐ Plan administrator (SSN)
- ☐ Trust (SSN of grantor)
- ☐ National Guard
- ☐ Farmers' cooperative
- ☐ REMIC
- Group Exemption No. (GEN) ►
- ☐ State/local government
- ☐ Federal government/military
- ☐ Indian tribal government/enterprises

| 8b If a corporation, name the state or foreign country (if applicable) where incorporated | State | Foreign country |
|---|---|---|

**9*** Reason for applying (check only one)

- ☒ Started new business (specify type) ►
-   ► 1065
- ☐ Hired employees (Check the box and see line 12)
- ☐ Compliance with IRS withholding regulations
- ☐ Other (specify) ►
- ☐ Banking purpose (specify purpose) ►
- ☐ Changed type of organization (specify new type) ►
- ☐ Purchased going business
- ☐ Created a trust (specify type) ►
- ☐ Created a pension plan (specify type) ►

| 10* Date business started or acquired (month, day, year)<br>JAN  18  2006 | 11* Closing month of accounting year<br>DEC |
|---|---|

12 First date wages or annuities were paid or will be paid (month, day, year) Note:If applicant is a withholding agent, enter date income will first be paid to nonresident alien. (month, day, year) . . . . . . . . . . . . . . . .

| 13 Highest number of employees expected in the next twelve months Note:If the applicant does not expect to have any employees during the period, enter "-0-" . . . . . . . . . . . . . . . | Agriculture | Household | Other |
|---|---|---|---|

14* Check box that best describes the principal activity of your business

- ☐ Construction
- ☒ Real estate
- ☐ Other (specify)
- ☐ Rental & leasing
- ☐ Manufacturing
- ☐ Transportation & warehousing
- ☐ Finance & insurance
- ☐ Health care & social assistance
- ☐ Accommodation & food service
- ☐ Retail
- ☐ Wholesale-agent/broker
- ☐ Wholesale-other

15* Indicate principal line of merchandise sold; specific construction work done; products produced; or services provided.
REAL ESTATE DEVELOPMENT

16a* Has the applicant ever applied for an employer identification number for this or any other business? . . . . . . . . . . .  ☐ Yes  ☒ No
Note If "Yes" please complete lines 16b and 16c

16b If you checked "Yes" on line 16a, give applicant's legal name and trade name shown on prior application if different from line 1 or 2 above.
Legal name  ►
Trade name  ►

16c Approximate date when, and city and state where, the application was filed. Enter previous employer identification number if known.

| Approximate date when filed (month, day, year) | City and state where filed | Previous EIN |
|---|---|---|

| Third Party Designee | Complete section only if you want to authorize the named individual to receive the entity's EIN and answer questions about the completion of this form. ||
|---|---|---|
| | Designee's name | Designee's telephone number (include area code)<br>(  ) - |
| | Address and ZIP code | Designee's fax number (include area code)<br>(  ) - |

| Under penalties of perjury, I declare that I have examined this application , and to the best of my knowledge and belief, it is true, correct, and complete.<br>Name and title (type or print clearly)<br>► RICHARD A ROTH | Applicant's telephone number (include area code)<br>( 260 ) 489 - 7500 |
|---|---|
| Signature  ► Not Required        Date  ►     January 19, 2006 GMT | Applicant's fax number (include area code)<br>( 260 ) 489 - 8927 |

# *Certificate of Status*

I certify from the records of this office that GJTT, LLC, is a limited liability company organized under the laws of the State of Florida, filed electronically on January 18, 2006.

The document number of this company is L06000006171.

I further certify that said company has paid all fees due this office through December 31, 2006, and its status is active.

I further certify that this is an electronically transmitted certificate authorized by section 15.16, Florida Statutes, and authenticated by the code noted below.

Authentication Code: 060119083341-800063997708#1

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capital, this the
Nineteenth day of January, 2006

Sue M. Cobb
Sue M. Cobb
Secretary of State

## EXHIBIT A

| Member | Equity Units | Initial Capital Contribution | Share of Equity |
|---|---|---|---|
| Richard A. & Barbara L Roth | 10 | $ | 33.334% |
| Barbara L. Roth, Trustee Jeffrey S. MacDonald Trust | 10 | | 33.333% |
| Terry Eichas | 10 | | 33.333% |

11

Print Review IRS Form SS-4 EIN

Page 1 of 1

| Form **SS-4**<br>(Rev. December 2001)<br>Department of the Treasury<br>Internal Revenue Service | **Application for Employer Identification Number**<br>(For use by employers, corporations, partnerships, trusts, estates, churches,<br>government agencies, Indian tribal entities, certain individuals, and others.)<br>▶ See separate instructions for each line. ▶ Keep a copy for your records. | EIN<br>▬▬▬751<br><br>OMB No. 1545-0003 |
|---|---|---|

**1** Legal name of entity (or individual) for whom the EIN is being requested
GJTT LLC

| **2** Trade name of business (if different from name on line 1) | **3** Executor, trustee, "care of" name |
|---|---|

| **4a** Mailing address (room, apt., suite no. and street, or P.O. box)<br>2209 BEECHMONT DRIVE | **5a** Street address (if different) (Do not enter a P.O. box) |
|---|---|
| **4b** City, state, and ZIP code<br>FORT WAYNE  IN  46825 - 3965 | **5b** City, state, and ZIP code |

**6** County and state where principal business is located
County  PALM BEACH  State  FL

| **7a** Name of principal officer, general partner, grantor, owner, or trustor<br>RICHARD A ROTH | **7b** SSN, ITIN, EIN<br>▬▬▬0427 |
|---|---|

**8a** Type of entity (check only one)

- [ ] Sole Proprietor (SSN)
- [x] Partnership
- [ ] Corporation (enter form number to be filed) ▶
- [ ] Personal Service
- [ ] Church or church-controlled organization
- [ ] Other nonprofit organization (specify) ▶
- [ ] Other (specify) ▶

- [ ] Estate (SSN of decedent)
- [ ] Plan administrator (SSN)
- [ ] Trust (SSN of grantor)
- [ ] National Guard
- [ ] Farmers' cooperative
- [ ] REMIC
- [ ] State/local government
- [ ] Federal government/military
- [ ] Indian tribal government/enterprises

Group Exemption NO. (GEN) ▶

**8b** If a corporation, name the state or foreign country (if applicable) where incorporated     State     Foreign country

**9** Reason for applying (check only one)

- [x] Started new business (specify type)
  ▶ 1065
- [ ] Hired employees (Check the box and see line 12)
- [ ] Compliance with IRS withholding regulations
- [ ] Other (specify) ▶

- [ ] Banking purpose (specify purpose) ▶
- [ ] Changed type of organization (specify new type) ▶
- [ ] Purchased going business
- [ ] Created a trust (specify type) ▶
- [ ] Created a pension plan (specify type) ▶

| **10** Date business started or acquired (month, day, year)<br>JAN  18  2006 | **11** Closing month of accounting year<br>DEC |
|---|---|

**12** First date wages or annuities were paid or will be paid (month, day, year) Note: If applicant is a withholding agent, enter date income will first be paid to nonresident alien. (month, day, year) . . . . . . . . . . . . . . . . ▶

**13** Highest number of employees expected in the next twelve months Note: If the applicant does not expect to have any employees during the period, enter "-0-". . . . . . . . . . . . .

| | Agriculture | Household | Other |
|---|---|---|---|
| | | | |

**14** Check box that best describes the principal activity of your business

- [ ] Construction
- [x] Real estate
- [ ] Other (specify)
- [ ] Rental & leasing
- [ ] Manufacturing
- [ ] Transportation & warehousing
- [ ] Finance & insurance
- [ ] Health care & social assistance
- [ ] Accommodation & food service
- [ ] Retail
- [ ] Wholesale-agent/broker
- [ ] Wholesale-other

**15** Indicate principal line of merchandise sold; specific construction work done; products produced; or services provided.
REAL ESTATE DEVELOPMENT

**16a** Has the applicant ever applied for an employer identification number for this or any other business? . . . . . . . . . .  [ ] Yes  [x] No
Note: If "Yes" please complete lines 16b and 16c

**16b** If you checked "Yes" on line 16a, give applicant's legal name and trade name shown on prior application if different from line 1 or 2 above.
Legal name ▶     Trade name ▶

**16c** Approximate date when, and city and state where, the application was filed. Enter previous employer identification number if known.
Approximate date when filed (month, day, year)     City and state where filed     Previous EIN

| **Third Party Designee** | Complete section only if you want to authorize the named individual to receive the entity's EIN and answer questions about the completion of this form | |
|---|---|---|
| | Designee's name | Designee's telephone number (include area code)<br>( )  - |
| | Address and ZIP code | Designee's fax number (include area code)<br>( )  - |

Under penalties of perjury, I declare that I have examined this application , and to the best of my knowledge and belief, it is true, correct, and complete.

Name and title (type or print clearly) ▶ RICHARD A ROTH

Applicant's telephone number (include area code)
( 260 ) 489 - 7500

Signature ▶ Not Required     Date ▶ January 19, 2006 GMT

Applicant's fax number (include area code)
( 260 ) 489 - 8927



**MONEY CONCEPTS F P C**
**R.A. ROTH & COMPANY**
243 AIRPORT NORTH OFFICE PARK
FORT WAYNE, IN 46825-6702

Phone: (260) 489-7500
Toll Free: (800) 246-1686
Facsimile: (260) 489-8927
E-Mail: Richard@raroth.com

## FACSIMILE COVER SHEET

**Date: 2/2/06**

**To:** Terry

**At:** Eichas Money Makers Realty

**Number of Pages** (Including Cover Sheet): 20

**Message**

Terry,

Following is the Operating Agreement for GJTT, LLC. Since Barb is signing as Trustee for Jeff's Trust, I have also included the pertinent portions form their fathers will. You need to sign on the two signature pages—make sure to date it as of 1/21/06—before you fax it off to the bank.

If you have any questions or need any additional info let us know.

Sincerely,

Dick

# OPERATING AGREEMENT

## OF

## GJTT, LLC

Dated as of January 21, 2006

# TABLE OF CONTENTS

## ARTICLE 1 PRELIMINARY PROVISIONS                                          1

| | | |
|---|---|---|
| 1.1 | Effective Date of Agreement, Enforceability | 1 |
| 1.2 | LLC's Name, Purpose, etc | 1 |
| 1.3 | Principal Place of Business of LLC | 2 |
| 1.4 | Reservation of Management of LLC to Managers, Appointment of Initial Manager and Assistant Manager | 2 |
| 1.5 | Limited Liability of Members and Managers | 2 |
| 1.6 | Admission of Additional Members | 2 |
| 1.7 | Amendment of Agreement if LLC Has Multiple Members | 2 |
| 1.8 | Taxation of LLC and Members | 2 |
| 1.9 | Annual Accounting Period of LLC | 3 |
| 1.10 | LLC Method of Accounting | 3 |
| 1.11 | Effect of Act | 3 |
| 1.12 | Relation of Agreement to Articles | 3 |
| 1.13 | Qualification In Other Jurisdictions | 3 |

## ARTICLE 2 CAPITAL CONTRIBUTIONS AND LOAN                                  3

| | | |
|---|---|---|
| 2.1 | Contributions of Cash and Non-Cash Property | 3 |
| 2.2 | No Duty to Make Additional Contributions | 4 |
| 2.3 | Loans by Members to LLC | 4 |
| 2.4 | Member Guarantees of LLC Obligations | 4 |

## ARTICLE 3 ALLOCATIONS AND DISTRIBUTIONS OF LLC PROFITS                    4

| | | |
|---|---|---|
| 3.1 | Allocations of Profits and Losses and Allocations of Distributions | 4 |
| 3.2 | Decisions Concerning Allocations, etc | 4 |

## ARTICLE 4 LLC MANAGEMENT                                                  4

| | | |
|---|---|---|
| 4.1 | Decision-Making | 5 |
| 4.2 | Signing of Contracts, etc | 5 |
| 4.3 | No Duty to Record Decisions, etc | 5 |
| 4.4 | Manager as President, etc.; Assistant Manager as Vice President, etc | 5 |
| 4.5 | Method of Appointing and Removing Managers After Initial Managers | 5 |
| 4.6 | Term of Service of Members and Managers | 5 |
| 4.7 | Manager Resignation | 5 |
| 4.8 | Manager Compensation, etc | 5 |
| 4.9 | Fiduciary Duties of Manager | 6 |
| 4.10 | Indemnification of Manager | 6 |
| 4.11 | Advancement of Manager's Litigation Expenses | 6 |

## ARTICLE 5 TRANSFERS AND PLEDGES OF LLC MEMBERSHIPS AND INTERESTS          6

| | | |
|---|---|---|
| 5.1 | Transfers of Membership Rights in General | 6 |
| 5.2 | Transfer of Member's Membership Upon Member's Death | 6 |
| 5.3 | Pledges | 6 |

## ARTICLE 6 CESSATION OF MEMBER'S MEMBERSHIP                                7

## ARTICLE 7 LLC BOOKS OF ACCOUNTS, REPORTS, ETC                             7

## ARTICLE 8 DISSOLUTION

|  |  | |
|---|---|---|
| | ARTICLE 8 DISSOLUTION | 7 |
| 8.1 | Definition of Dissolution, Winding Up and Liquidation | |
| 8.2 | Dissolution of LLC | 7 |
| 8.3 | Filing of Certificate of Dissolution | 7 |
| 8.4 | Date of Termination of Legal Existence of LLC | 8 |
| 8.5 | Winding Up and Liquidation of LLC; Distribution of LLC Assets | 8 |
| 8.6 | Satisfaction of LLC'S Known and Unknown Debts | 8 |
| | | 8 |
| | ARTICLE 9 TERM AND TERMINATION | 8 |
| | ARTICLE 10 MISCELLANEOUS PROVISIONS | 9 |
| 10.1 | Entire Agreement | |
| 10.2 | Amendments | 9 |
| 10.3 | Notices | |
| 10.4 | Governing Law | 9 |
| 10.5 | Captions | 9 |
| 10.6 | Incorporation of Articles, etc | 9 |
| 10.7 | Definition of "Including," "Person," etc | 9 |
| | | 9 |

ii

# OPERATING AGREEMENT
# OF GJTT, LLC

This Agreement, dated as of January 21, 2006, is between the following parties:

1. **Richard A. and Barbara L. Roth,**
   **Barbara L. Roth, Trustee – Jeffrey S. MacDonald Trust,**
   **Terry Eichas, and**

2. **GJTT, LLC** (the "LLC"), an LLC formed and existing under the laws of the State of Florida, with its principal place of business at 1405-117 S Federal Hwy, Delray Beach, Florida 33483-5060.

## BACKGROUND

1. On January 18, 2006 the Members filed with the Secretary of State of the State of Florida the articles of organization of the LLC (the "Articles").

3. On that date, the Secretary accepted the Articles for filing and the LLC was formed as a limited liability company under the Florida Limited Liability Act.

4. This Agreement confirms the agreement among the parties as to the internal affairs of the LLC and the conduct of its business.

## TERMS AND CONDITIONS

Intending to be legally bound, the parties agree as follows:

# Article I  Preliminary Provisions

### 1.1 EFFECTIVE DATE OF AGREEMENT; ENFORCEABILITY.

The effective date of this Agreement (the "Effective Date") shall be the date of filing of the Articles.

### 1.2 LLC's NAME, PURPOSE, ETC.

The LLC's name, purpose, registered agent, registered office, duration and form of management shall be as set forth in the Articles.

1

**1.3  PRINCIPAL PLACE OF BUSINESS OF LLC.**

The LLC's principal place of business shall be 1405-117 S Federal Hwy, Delray Beach, Florida 33483-5060. The manager of the LLC may change the LLC's principal place of business from time to time in the manager's sole discretion.

**1.4  RESERVATION OF MANAGEMENT OF LLC TO MANAGER; APPOINTMENT OF INITIAL MANAGER.**

The management of the LLC is reserved to the manager. The LLC shall be managed by a manager (the "Manager").

The LLC's initial Managers shall be Richard A. and Barbara L. Roth.

**1.5  LIMITED LIABILITY OF MEMBER AND MANAGER.**

    (a) The Member shall not be personally obligated to any third party for any debt, obligation or liability of the LLC solely by reason of being a member.

    (b) The Manager shall not be personally obligated to any third party for any debt, obligation or liability of the LLC solely by reason of acting as manager.

    (c) The Member and the Manager shall be liable for their conduct in their individual capacities as provided by law.

**1.6  ADMISSION OF ADDITIONAL MEMBERS.**

Whether additional members shall be admitted as members of the LLC shall be in the sole discretion of the Members; PROVIDED, that upon the death of a Member, the Member's successor shall immediately be admitted as a member in accordance with Article 6.2.

**1.7  AMENDMENT OF AGREEMENT IF LLC HAS MULTIPLE MEMBERS**

If, at any time, the LLC has two or more members, the members shall with reasonable promptness, make all amendments to this Agreement necessary to reflect their agreement concerning the allocation of the LLC's profits and losses, the allocation of management rights, and other appropriate matters.

2

## 1.8    TAXATION OF LLC AND MEMBER.

Under federal tax law and to the maximum extent possible under the tax laws of each state and the District of Columbia, the LLC shall be taxable as a sole proprietorship. As a single member LLC, it is anticipated that the LLC will be deemed a disregarded entity for tax purposes. Notwithstanding the foregoing, in the event additional members are added to the LLC, then at that time, the LLC shall file a form SS-4 and apply for a federal tax identification number and seek to be taxed as a partnership.

## 1.9    ANNUAL ACCOUNTING PERIOD OF LLC.

The LLC's annual accounting period for financial and tax purposes shall be the calendar year.

## 1.10    LLC METHOD OF ACCOUNTING.

The LLC shall use the cash method of accounting.

## 1.11    EFFECT OF ACT.

Except as otherwise provided in this Agreement or by law, the business and internal affairs of the LLC shall be governed by the Act as in effect on the Effective Date.

## 1.12    RELATION OF AGREEMENT TO ARTICLES.

If there is any conflict between the provisions of this Agreement and those of the Articles, the provisions of this Agreement shall prevail.

## 1.13    QUALIFICATION IN OTHER JURISDICTIONS.

Before conducting business on a regular basis in any jurisdiction other than this State, the LLC shall file all forms and shall do all other things required under the laws, including the tax laws, of that jurisdiction in order to conduct that business.

# Article 2 CAPITAL CONTRIBUTIONS AND LOAN

## 2.1    CONTRIBUTIONS OF CASH AND NON-CASH PROPERTY.

Promptly after the parties have signed and dated this Agreement, the Members shall transfer to the LLC as the sole and entire consideration for the Member's membership in the LLC the amount of cash and the items of property identified in the attached Exhibit A (the "Contribution").

3

## 2.2 NO DUTY TO MAKE ADDITIONAL CONTRIBUTIONS.

Except for the Contribution, the Member shall have no duty to make contributions to the LLC.

## 2.3 LOANS BY MEMBER TO LLC.

The Member shall have no obligation to make loans to the LLC.

## 2.4 MEMBER GUARANTEES OF LLC OBLIGATIONS.

The Member shall not be obligated to guarantee the obligations of the LLC.

# Article 3 ALLOCATIONS AND DISTRIBUTIONS OF LLC PROFITS

## 3.1 ALLOCATIONS OF PROFITS AND LOSSES AND ALLOCATIONS OF DISTRIBUTIONS.

Only the Members shall be entitled to allocations of LLC profits and losses, to allocations of distributions of LLC profits and other LLC assets and to distributions of LLC profits and other assets. No other person shall have any right to any such allocations or distributions.

## 3.2 DECISIONS CONCERNING ALLOCATIONS, ETC.

It shall be within the sole and exclusive discretion of the Manager to decide:

(a) Whether to make allocations of its profits and losses to the Member;

(b) Whether to make allocations of distributions of profits and other assets to the member;

(c) Whether to make distributions of profits and other assets to the Member; and

(d) When and in what amounts to make any such allocation or distribution;

PROVIDED, that the LLC shall make no such distribution to the extent that, immediately after the distribution, the LLC's liabilities would exceed its assets.

# Article 4 LLC MANAGEMENT

4

**4.1   DECISION-MAKING.**

Except as provided in Article 4.3, the Manager, in the Manager's sole discretion, shall have the exclusive right to make decisions relating to the business and internal affairs of the LLC.

**4.2   SIGNING OF CONTRACTS, ETC.**

The Manager, in the Manager's sole discretion, shall have the exclusive right, power and authority to sign contracts on behalf of the LLC and otherwise bind the LLC with third parties.

**4.3   NO DUTY TO RECORD DECISIONS, ETC.**

The Member in the Member's capacity as a member and as a manager shall have no duty to record in writing or otherwise any decision in the Member's capacity as a member or manager, and the Member's failure to make any such record shall not impair the validity of any such decision.

**4.4   MANAGER AS PRESIDENT, ETC.**

In exercising the Member's rights, powers and authority as Manager, the Member may use the title "Managing Member," "Manager," "President" or any other title that the Member shall determine to use from time to time.

**4.5   METHOD OF APPOINTING AND REMOVING MANAGER AFTER INITIAL MANAGER.**

The Member or the Member's successor (or, in the event of the Member's death or incompetence, the Member's personal representative) in his or her sole discretion may, without liability, appoint or remove any Manager at any time with or without cause.

**4.6   TERM OF SERVICE OF MEMBER AS MANAGER.**

The term of service of the Member as Manager shall begin on the Effective Date and shall terminate on the earlier of:

    (a)   The date on which the Member resigns as Manager;

    (b)   The date on which the Member ceases to be a member.

**4.7   MANAGER RESIGNATION.**

The Manager may, without liability, resign as Manager of the LLC at any time for any reason.

**4.8   MANAGER COMPENSATION, ETC.**

The Manager shall be compensated by the LLC for the Manager's services under this Agreement as Manager as the Member shall determine from time to time in the Members sole discretion.

5

**4.9    FIDUCIARY DUTIES OF MANAGER.**

The Member as member and as Manager shall have no fiduciary duties toward the LLC including any duty of care or loyalty.

**4.10    INDEMNIFICATION OF MANAGER.**

The LLC shall fully indemnify the Member for any claim against the Member in the Member's capacity as, a member, or as a manager.

**4.11    ADVANCEMENT OF MANAGER'S LITIGATION EXPENSES.**

The LLC shall advance litigation expenses to the Member for any claim against the Member in the Member's capacity as a member or as a Manager.

# Article 5 TRANSFERS AND PLEDGES OF LLC MEMBERSHIPS AND INTERESTS

**5.1    TRANSFERS OF MEMBERSHIP RIGHTS - IN GENERAL.**

A Member, in the Member's sole discretion, may transfer (whether by sale, gift or otherwise) all or any part of the Member's membership rights, including economic and non-economic rights, to any person at any time. The Member may make any such transfer under any terms and conditions that the Member deems appropriate.

**5.2    TRANSFER OF MEMBER'S MEMBERSHIP UPON MEMBER'S DEATH.**

Upon a Member's death, the Member's membership rights shall be transferred as provided in the Member's will or other testamentary documents, or, in the absence of any such documents, by the laws of descent and distribution.

**5.3    PLEDGES.**

A Member shall have exclusive and absolute discretion to pledge all or any part of the Member's membership rights to any person at any time as collateral for any debt of the Member. The Member may make any such pledge under any terms and conditions that the Member deems appropriate.

# Article 6 CESSATION OF MEMBER'S MEMBERSHIP

Except as otherwise provided in Article 5 .2 or elsewhere in this Agreement, the Member shall cease to be a member of the LLC only upon the Member's death and shall not cease to be a member for any other reason, including:

    (a) A judicial declaration that the Member is incompetent;

    (b) The Member's bankruptcy;

    (c) The Member's assigning of the Member's entire LLC interest to another person.

# Article 7 LLC BOOKS OF ACCOUNTS, REPORTS, ETC.

The LLC shall maintain on a current basis accurate books of account in accordance with financial standards normally applied to business organizations generally similar to the LLC in size and business activities.

# Article 8 DISSOLUTION

### 8.1    DEFINITION OF DISSOLUTION, WINDING UP AND LIQUIDATION.

For purposes of this Agreement:

    (a) Dissolution. The dissolution of the LLC shall mean the cessation of its normal business activities and the beginning of the process of winding it up and liquidating it.

    (b) Winding Up. The winding up of the LLC shall mean the process of concluding its existing business activities and internal affairs and preparing for its liquidation.

    (c) Liquidation. The liquidation of the LLC shall mean the sale or other disposition of its assets and the distribution of its assets (or the distribution of the proceeds of the sale or other disposition of its assets) to its creditors and to the members.

### 8.2    DISSOLUTION OF LLC.

All Members, in their sole and absolute discretion, may determine whether and when to dissolve the LLC. The LLC shall be dissolved immediately upon the Members deciding to dissolve it.

## 8.3  FILING OF ARTICLES OF DISSOLUTION.

Upon determining to dissolve the LLC, the Member shall file articles of dissolution with the Secretary of State in accordance with the provisions of the Act.

## 8.4  DATE OF TERMINATION OF LEGAL EXISTENCE OF LLC.

The articles of dissolution shall set forth the effective date of the dissolution. On that date, the legal existence of the LLC shall terminate.

## 8.5  WINDING UP AND LIQUIDATION OF LLC; DISTRIBUTION OF LLC ASSETS.

Promptly after determining to terminate the legal existence of the LLC, the Manager shall wind up its business and internal affairs, shall liquidate it, and shall distribute its assets to the Member and to creditors as required by the Act.

## 8.6  SATISFACTION OF LLC's KNOWN AND UNKNOWN DEBTS.

In connection with the winding-up of the LLC, the Manager shall take all appropriate measures:

(a) To comply with applicable federal and state tax laws and other laws relating to entity dissolutions; and

(b) To the extent possible under the laws of the State of Florida, to bar known and unknown claims against the LLC.

# Article 9 TERM AND TERMINATION.

The term of this Agreement shall begin on the Effective Date and shall end upon the earlier of:

(a) The date on which the LLC ceases to exist under this Agreement or under other applicable law; and

(b) The date on which the Parties determine to terminate the Agreement.

8

# Article 10 MISCELLANEOUS PROVISIONS

**10.1   ENTIRE AGREEMENT.**

This Agreement contains the complete agreement between the parties concerning its subject matter, and it replaces all earlier agreements between them, whether written or oral, concerning its subject matter.

**10.2   AMENDMENTS.**

No amendment of this Agreement or of the Articles shall be valid unless it is set forth in a writing signed by both parties.

**10.3   NOTICES.**

All notices under this Agreement shall be in writing. They shall be sent by fax or by registered U.S. mail, return receipt requested, to the parties at their respective addresses as stated on the first page of this Agreement. A party may change the party's address for purposes of this Article 10.3 at any time upon reasonable notice to the other parties. Notices shall be deemed to have been received when actually received.

**10.4   GOVERNING LAW.**

This Agreement shall be governed exclusively by the laws of the State of Florida (exclusive of its laws relating to conflicts of law).

**10.5   CAPTIONS.**

Captions in this Agreement are for convenience only and shall be deemed irrelevant in construing its provisions.

**10.6   INCORPORATION OF ARTICLES, ETC.**

The Articles and all exhibits referred to in this Agreement are hereby incorporated in the Agreement and made an integral part of it.

**10.7   DEFINITION OF "INCLUDING," "PERSON," ETC.**

The terms "including" and "includes" shall mean a partial definition. The term "person" shall mean a natural person and any kind of entity.

9
## SIGNATURES AND DATES

In witness of their acceptance of the above terms and conditions, the parties by themselves or by their duly authorized representatives have signed and dated this Agreement as follows:

_____
Richard A. Roth

$1-21-06$
_____
Date

_____
Barbara L. Roth

$1-21-06$
_____
Date

_____
Barbara L. Roth
In her capacity as Trustee of
Jeffrey S. MacDonald Trust

$1-21-06$
_____
Date

_____
Terry Eichas

$1-21-06$
_____
Date

10
## EXHIBIT A

| Member | Equity Units | Initial Capital Contribution | Share of Equity |
|---|---|---|---|
| Richard A. & Barbara L Roth | 50 | $ | 50% |
| Barbara L. Roth, Trustee Jeffrey S. MacDonald Trust | 40 | | 40% |
| Terry Eichas | 10 | | 10% |

11

# GJTT, LLC

## CONSENT OF THE MEMBERS
## IN LIEU OF ORGANIZATIONAL MEETING

Effective January 21, 2006, the undersigned, being all of the initial members of GJTT, LLC, a Florida limited liability company (the 'Company"), do hereby waive all notice of a meeting and consent in writing to the adoption of the following resolutions in lieu of an organizational meeting:

**RESOLVED,** that the actions of the organizer of the Company are hereby, in all respects ratified, adopted and approved and that such actions shall be binding upon the Company, to the same extent as if authorized by this resolution.

**RESOLVED, FURTHER,** that the Articles of Organization prepared by the organizer and filed with the Florida Secretary of States Office are hereby approved and adopted by the Company and a copy shall be maintained under the Articles of Organization section of the minute book of the Company.

**RESOLVED, FURTHER,** that Richard A. and Barbara L. Roth be elected as the managers of the Company until their replacement is duly elected and qualified.

**RESOLVED, FURTHER,** that the Operating Agreement presented to the members of the Company is hereby adopted as the Operating Agreement of the Company, and the undersigned are authorized to execute the same on behalf of the Company, and a copy shall be maintained under the Operating Agreement section of the minute book of the Company.

**RESOLVED, FURTHER,** that the fiscal year of the Company shall end on the last day of December of each year.

**RESOLVED, FURTHER,** that the Company be and is hereby authorized and directed to open one or more bank accounts in the name of the Company in such bank or banks or trust company or trust companies as may be selected and to prepare, execute and deliver in the name of and on behalf of the Company such documents or instruments as may be necessary to open such account or accounts, and if in connection with the foregoing any particular form of resolution shall be required, such resolution shall be deemed hereby adopted, provided that a copy of such resolution shall be inserted in the minute book of the Company following this Consent and that the members of the Company are authorized to certify such resolution as having been adopted by this Consent.

**RESOLVED, FURTHER,** that the Company is authorized to pay all fees and expenses incident to the organization of the Company.

1

FEB-02-06 02:50 PM    RAROTH.COM                              2604898927                          P.17

**RESOLVED, FURTHER,** that the members are hereby authorized and directed to execute and deliver all such documents and take such action as is deemed necessary, desirable or proper to carry out the intent of the foregoing resolutions.

The effective date of the action taken pursuant to this written consent is January 21, 2006

_____
Richard A. Roth


_____
Barbara L. Roth


_____
Barbara L. Roth
In her capacity as Trustee of
   Jeffrey S. MacDonald Trust


_____
Terry Eichas

2

# Last Will and Testament

## of

## WILLIAM EDMUND MacDONALD

I, William Edmund MacDonald, a resident of Huntington County, Indiana, being of sound mind and disposing memory, and in good health, but realizing the uncertainties of life, do hereby make, publish and declare this to be my Last Will and Testament, and do hereby revoke any and all Wills or Codicils by me heretofore made.

### ARTICLE ONE

I will and direct that my Personal Representatives pay out of the residue of my estate my legally enforceable debts and obligations, including expenses of last illness, funeral, expense of administration and other expenses of like nature, as soon as reasonably convenient after my death.  My Personal Representatives shall not, however, be required to pay any obligation not maturing during the period of administration of my estate (such as a mortgage, if any), and may, in his discretion, adjust, compromise or extend the time for payment of any obligation.

I further direct my Personal Representatives to pay from the residue of my estate all amounts of inheritance and estate taxation (including penalties and interest, if any) which may be assessed either against my estate or against any individual succeeding to an interest by reason of my death, whether such inter

William Edmund MacDonald

Last Will and Testament of William Edmund MacDonald          Page 3

give, devise and bequeath the residue of my estate, being all property, real, personal, or mixed, wheresoever situated and in which I may have any interest in at the time of my death, as follows:

a.   One-fifth (1/5) to my son ▮▮▮▮▮▮ MacDonald.

b.   One-fifth (1/5) to my daughter, ▮▮▮▮▮▮ (▮▮▮▮▮) Roth.

c.   One-fifth (1/5) to my daughter ▮▮▮▮▮ Elaine (▮▮▮▮▮) Miller.

d.   One-fifth (1/5) to my son ▮▮▮▮▮▮ MacDonald

e.   One-fifth (1/5) to my Personal Representatives as Trustees for my son ▮▮▮▮▮▮ MacDonald, to be held in trust as provided in Article Four following.

If any of my four eldest children predecease me, then I give and bequeath the share intended for the deceased child to the surviving issue of the deceased child, by representation, Provided However if any of such surviving issue of a predeceased child is under the age of twenty-one years, then I give and bequeath such share (for such surviving issue) to the surviving parent of such surviving issue as custodian for such surviving issue under Indiana Uniform Transfers to Minors Act until age twenty-one (21).

## ARTICLE FOUR

In the event my son, Jeffrey Scott MacDonald survives me, then I give and bequeath his intended share, one-fifth (1/5) of the residue of my estate to my Personal Representatives, William

William Edmund MacDonald

Last Will and Testament of William Edmund MacDonald          Page 4

David MacDonald, James Dennis MacDonald and Barbara Lou (MacDonald) Roth (hereinafter collectively referred to as "Trustee"), as Trustees, to hold the same in a FAMILY TRUST for his benefit, upon the following uses and purposes:

A.   **Income.**   To pay over or apply for the benefit of Jeffrey, as nearly equal as practical, and not less often than annually, preferably at least quarter-annually, all the net income from his Trust.

B.   **Use of Principal.**   In addition to the net income, to pay over to or apply for the benefit of Jeffrey so much of the principal as my Trustee, in the exercise of their uncontrolled discretion shall determine.  I direct that any payments of principal in accordance with this paragraph shall only be made while Jeffrey is alive.  My Trustee shall have the authority to discriminate and refuse to invade the principal.

C.   **Right of Withdrawal.**   In any taxable year of this trust for federal income tax purposes subsequent to my death (after the funding of the trust but subsequent to the completion of the administration of my estate),  Jeffrey shall have the right, if he has not taken bankruptcy, to withdraw from the principal of the trust an amount or amounts not exceeding $5,000.00 in the aggregate, and if he is living on the last day of such year, to withdraw an amount, if any, by which 5% of the then market value of the net principal of the trust (not reduced by any income taxes chargeable to principal) exceeds the amount or amounts previously withdrawn by him for such year.  In the case of the withdrawal of any amount, or amounts, not exceeding $5,000.00 in the aggregate for a particular year, payment shall be made within thirty (30) days after delivery to my Trustee of an instrument of withdrawal signed by the beneficiary; in the case of any other withdrawal, payment shall be made within thirty (30) days after the close of the taxable year as to which the right is exercised by a similar instrument delivered to my Trustee prior to such close.  Any commissions payable to my Trustee as a result of a withdrawal shall be charged entirely to the property withdrawn. The total amount that may be withdrawn by the beneficiary shall not be cumulative.  The power of withdrawal shall be exercisable only as to property actually held in the trust and the amount subject to the power shall be determined by reference only to such property, and not to property which the trust may thereafter receive from any source.  The right of withdrawal in Jeffrey shall be a privilege which may only be exercised voluntarily, and shall not include a non-voluntary exercise, whether directed by a Court as agency in his behalf.

*William Edmund MacDonald*
William Edmund MacDonald

# GJTT, LLC

## Revised Payment Recap

| Item | Dick & Barbara | Jeff's Trust | Terry | | Total |
|---|---|---|---|---|---|
| Auction Fee | 40,000.00 | | | | |
| Wire Charge | 50.00 | | | | |
| Set-Up LLC | 130.00 | | | | |
| Down Payments | | 51,048.56 | 51,150.00 | | |
| Loan Payment | 2,650.00 | | | | |
| Loan Payment | 2,646.82 | | | | |
| Loan Payment | 2,646.82 | | | | |
| Loan Payment | 2,646.82 | | | | |
| Survey Expense | | | 5,000.00 | | |
| Totals as of 7/4/06 | 50,770.46 | 51,048.56 | 56,150.00 | | 157,969.02 |
| | | | | | |
| Next Payment- | | | | | |
| Due 7/14 2,642.82 | | | | | |
| Payment allocation | | | | | |
| to equalize payments | | 2,646.82 | | | 2,642.82 |
| | | | | | |
| | 50,770.46 | 53,695.38 | 56,150.00 | | 160,611.84 |
| August Payment | 2,646.82 | | | | 2,646.82 |
| Totals after August | 53,417.28 | 53,695.38 | 56,150.00 | | 163,258.66 |
| Sept. Payment | 1,323.41 | 1,323.41 | | | 2,646.82 |
| Totals after Sept | 54,740.69 | 55,018.79 | 56,150.00 | | 165,909.48 |
| **Oct. Payment** | **1,444.74** | **1,166.64** | **35.44** | | **2,646.82** |
| Totals after October | 56,185.43 | 56,185.43 | 56,185.44 | | 168,556.30 |
| November Payment | 882.28 | 882.28 | 882.27 | | 2,646.82 |
| Totals after Nov | 57,067.71 | 57,067.70 | 57,067.71 | | 171,203.12 |
| December Payment | 882.27 | 882.28 | 882.27 | | 2,646.82 |
| **Totals after Dec 06** | **57,949.98** | **57,949.98** | **57,949.98** | | **173,849.94** |
| January Payment | 882.27 | 882.28 | 882.27 | | 2,646.82 |
| February Payment | 882.27 | 882.27 | 882.28 | | 2,646.82 |
| March Payment | 882.28 | 882.27 | 882.27 | | 2,646.82 |
| April Payment | 882.27 | 882.28 | 882.27 | | 2,646.82 |
| May Payment | 1,323.41 | 1,323.41 | 5,120.50 | <R/E Tax | 7,767.32 |
| June Payment | 1,323.41 | 1,323.41 | 67.30 | <R/E Tax | 2,714.12 |
| July Payment | 1,323.41 | 1,323.41 | - | | 2,646.82 |
| Totals | 65,449.30 | 65,449.31 | 66,666.87 | | 197,565.49 |
| August Payment | 1,298.14 | 1,298.13 | 80.55 | | 2,676.82 |
| Totals | 66,747.44 | 66,747.44 | 66,747.42 | | 200,242.31 |
| September Payment | 882.27 | 882.27 | 882.28 | | 2,646.82 |
| October Payment | 882.27 | 882.27 | 882.28 | | 2,646.82 |
| November Payment | 882.28 | 882.27 | 882.27 | | 2,646.82 |
| December Payment | 882.27 | 882.28 | 882.27 | | 2,646.82 |
| | | | | | |
| **Totals AFTER Dec 07** | **70,276.53** | **70,276.53** | **70,276.52** | | **210,829.59** |

## GJTT, LLC

### Revised Payment Recap

| Item | Dick & Barbara | Jeff's Trust | Terry | Total |
|---|---|---|---|---|
| Auction Fee | 40,000.00 | | | |
| Wire Charge | 50.00 | | | |
| Set-Up LLC | 130.00 | | | |
| Down Payments | | 51,048.56 | 51,150.00 | |
| Loan Payment | 2,650.00 | | | |
| Loan Payment | 2,646.82 | | | |
| Loan Payment | 2,646.82 | | | |
| Loan Payment | 2,646.82 | | | |
| Survey Expense | | | 5,000.00 | |
| Totals as of 7/4/06 | 50,770.46 | 51,048.56 | 56,150.00 | 157,969.02 |
| Next Payment- Due 7/14 2,642.82 Payment allocation to equalize payments | | 2,646.82 | | 2,642.82 |
| | 50,770.46 | 53,695.38 | 56,150.00 | 160,611.84 |
| August Payment | 2,646.82 | | | 2,646.82 |
| Totals after August | 53,417.28 | 53,695.38 | 56,150.00 | 163,258.66 |
| Sept. Payment | 1,323.41 | 1,323.41 | | 2,646.82 |
| Totals after Sept | 54,740.69 | 55,018.79 | 56,150.00 | 165,909.48 |
| Oct. Payment | 1,444.74 | 1,166.64 | 35.44 | 2,646.82 |
| Totals after October | 56,185.43 | 56,185.43 | 56,185.44 | 168,556.30 |
| November Payment | 882.28 | 882.27 | 882.27 | 2,646.82 |
| Totals after Nov | 57,067.71 | 57,067.70 | 57,067.71 | 171,203.12 |
| December Payment | 882.27 | 882.28 | 882.27 | 2,646.82 |
| Totals after Dec | 57,949.98 | 57,949.98 | 57,949.98 | 173,849.94 |

**Terry Eichas**

| | |
|---|---|
| **From:** | Richard Roth [richard@raroth.com] |
| **Sent:** | Monday, October 23, 2006 10:24 AM |
| **To:** | 'Terry Eichas' |
| **Subject:** | RE: 30 acres |

Terry,

Thanks for the update.

Please send it the check to our office:

R A Roth & Company
243 Airport North Office Park
Fort Wayne, IN 46825-6702

Deducting the interest currently will help us as well.

D&B

---

**From:** Terry Eichas [mailto:trehod@gmail.com]
**Sent:** Monday, October 23, 2006 10:10 AM
**To:** richard@raroth.com
**Subject:** 30 acres

Hi Dick & Barb,

I received your e-mail about the land. It took a while to get with my accountant but hid recommendation is to deduct currently. I am going to send you a check for the balance of this year. Please forward your mailing address. I'm working from home now and having to set up everything here. I am also trying to scan an article that was just released this month in a Florida magazine. It shows proposed toll roads connecting the east and west of Florida with another toll road traveling down the center of the state. Guess where it intersects? It has a 5 mile variance but we are right there. It will be a good article to sell the land as investment. The roads will probably take 20 years to build. I still have that one agent asking about the land but put him off until Feb 07. No need to pay more in taxes than necessary.
Hope all is well with you
Terry

--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.408 / Virus Database: 268.13.11/492 - Release Date: 10/23/2006

--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.408 / Virus Database: 268.13.11/492 - Release Date: 10/23/2006

10/23/2006



JIAN ZHEN
101 ISLE VIEW DR
WINONA LAKE, IN 46590-1733

71-7069/2749

4199

Date 6/3/08

Pay to the
order of _Terry Eichas_____ $ 10000.00

_Ten thousand_____ $ 00/100 Dollars  🔒 Security feature. Product Details on Back.

MUTUAL FEDERAL SAVINGS BANK

For _____

⑆110⑆ 4199

© ARTISTIC CHECKS, INC.  1-800-224-7621  www.artisticchecks.com

TROPICAL FISH 150

MINUTES OF A SPECIAL MEETING
OF THE MEMBERS OF
GJTT, LLC

A special meeting of the Members of GJTT, LLC was held at the office of the Company on May _31_, 2008, at 10:00 a.m., pursuant to Waiver of Notice and Consent to the holding of the special meeting as follows:

The undersigned, being the Members of GJTT, LLC do hereby waive notice of and consent to the holding of this special meeting of the Members of said Company, at the company offices on May _31_, 2008, at the hour of 10:00 a.m., and do further consent to the transaction of any business that may come before said meeting.

_____
Terry Eichas, Member

The meeting was called to order by Terry Eichas, the Operating Member of the Company. _Barbara L. Roth_ acted as Secretary of the meeting.

The Operating Member stated that the purpose of this special meeting was to discuss transferring units jointly held by the present Members to their individual names. After lengthy discussion, upon motion duly made and seconded, it was unanimously:

"Resolved, that the Members below listed desire to transfer their units as set forth below:

Terry Eichas shall transfer his one-third interest in the Company to Jian Zhen.

Further Resolved, that the Company is directed to prepare new Unit Certificates and any other necessary documents to transfer the shares."

There being no further business to come before said meeting, upon motion duly made, seconded and unanimously adopted, the meeting was adjourned.

_____
Barbara L. Roth, Member

# MEMBERSHIP INTEREST PURCHASE AGREEMENT

THIS AGREEMENT is entered into by and between **Jian Zhen** ("Zhen"), **Terry Eichas** ("Eichas") and **GJTT, LLC** (the "LLC"). This Agreement arises out of the following circumstances. Eichas desires to sell his one-third interest of the LLC to Zhen.

In consideration of mutual promises and agreements of the parties, it is agreed as follows:

1.    <u>Sale of Interest to Zhen</u>.  Eichas sells and Zhen purchases on the terms and for the consideration hereinafter set forth, one-third interest of the LLC which Eichas now owns. The total price of the one-third interest being sold by Eichas to Zhen shall be Ten Thousand Dollars ($10,000.00) (the "Purchase Price"). In addition, Zhen will pay to Company an amount equal to 1/3 of the May mortgage payment on the real estate loan for the Florida real estate.

2.    <u>Representations and Warranties of Eichas</u>.  Eichas represents, warrants and agrees as follows:

(a)    Eichas is the owner of and has marketable title to the one-third interest of the LLC sold hereunder, which interest is validly issued, fully paid and nonassessable.   The one-third interest is not subject to any lien, mortgage, security interest or pledge and no other person has any interest in any of said interest.

(b)    None of the interest being transferred hereunder has been registered under any state or federal securities laws and it may only be transferred or sold if it is so registered or if exemptions from such registration exist.

(c)     The interest being sold under this Agreement constitutes all of the interest of the LLC owned by Eichas. Eichas owns no options, warrants or other rights to any interest of the LLC.

(d)     <u>Acknowledgment of No Indebtedness and of No Claims</u>. By the execution of this Agreement, Eichas acknowledges that, except for the obligations created by this Agreement, the LLC is not indebted to him for any sum by reason of loans of money, unpaid vacation pay, unpaid sick days, unpaid compensation, or for any other matter whatsoever. Eichas agrees that he has no claims against the LLC, its members, other than the obligations created by this Agreement. Eichas hereby releases and forever discharges the LLC, its members, agents and managers, from all liabilities (excepting those created by this Agreement) arising from Eichas' association with the LLC.

3.     <u>Representations and Warranties of Zhen</u>. Zhen represents, warrants and agrees as follows:

(a)     He has had ample time and opportunity to examine all documents and records, financial or otherwise, of the LLC prior to the execution of this Agreement and he is sufficiently knowledgeable concerning the affairs of the LLC to enable him to exercise sound business judgment in entering into this Agreement.

(b)     After the one-third interest has been purchased hereunder, the ownership of the LLC will be as follows:

2

| Jian Zhen | 33.333% |
| Richard A. Roth | 16.667% |
| Barbara L. Roth | 16.667% |
| Jeffrey S. MacDonald Trust | <u>33.333%</u> |
| TOTAL | 100% |

(c)   He is a bona fide resident of the State of Indiana, and that he is purchasing the one-third interest hereunder for his own investment purposes, not with the intention of selling all or any portion hereof.

4.   <u>Representations and Warranties of LLC</u>. In order to induce Zhen to enter into and perform Zhen's obligations as expressed by this Agreement, the LLC makes the following representations, warranties and agreements, each of which is considered independently material and relied upon by Zhen.

(a)   <u>Organization</u>.  The LLC is a validly existing limited liability company in good standing under the laws of the State of Florida.

(b)   <u>Authorization of Transaction</u>.  The LLC has full power and authority to execute and deliver this Agreement and to perform each of its obligations expressed by its terms.  This Agreement constitutes a valid and legally binding obligation of the LLC, enforceable in accordance with its terms and conditions. Neither the execution and delivery of this Agreement, nor the consummation of the transactions contemplated by its terms, will violate any statute, regulation, rule, judgment, order, agreement or other arrangement to which the LLC is a party or by which it is bound.

(c)   <u>Acknowledgment of No Indebtedness and of No Claims</u>.  By execution of this Agreement, the LLC acknowledges that, except for the

3



obligations created by this Agreement, Eichas is not indebted to it for any sum by reason of loans of money or for any other matter whatsoever. The LLC agrees that it has no claims against Eichas, other than the obligations created by this Agreement. The LLC hereby releases and forever discharges Eichas from all liabilities (excepting those created by this Agreement) arising from the LLC's association with Eichas.

5.  <u>Manner of Payment</u>.  The Purchase Price shall be paid as follows:

(a)  the sum of Ten Thousand Dollars ($10,000.00) shall be paid in certified funds on the date of the execution of this Agreement.

6.  <u>Endorsement and Transfer of Certificates</u>.  Contemporaneously with the execution of this Agreement, Eichas agrees to take all action necessary to transfer to Zhen the one-third interest certificate representing the interest being purchased.

7.  <u>Tax Returns</u>. Subsequent to the execution of this Agreement, the LLC agrees that it shall not (i) amend any previously filed tax return without the consent of Eichas, which consent shall not be unreasonably withheld; and (ii) change its method of accounting without the consent of Eichas, which consent shall not be unreasonably withheld.

8.  <u>Law</u>. This agreement is made and executed in the State of Indiana and shall be governed by the laws thereof.

9.  <u>Complete Agreement</u>.  This Agreement is a complete agreement and supersedes all prior contemporaneous written or oral agreements regarding the subject matter.

4



Dated this ___2___ day of ___JUNE___, 2008.

**GJTT, LLC**

By: _____
       Richard A. Roth, Member

_____
Terry Eichas

_____
Jian Zhen

MINUTES OF A SPECIAL MEETING
OF THE MEMBERS OF
GJTT, LLC

A special meeting of the Members of GJTT, LLC was held at the office of the Company on May _____, 2008, at 10:00 a.m., pursuant to Waiver of Notice and Consent to the holding of the special meeting as follows:

The undersigned, being the Members of GJTT, LLC do hereby waive notice of and consent to the holding of this special meeting of the Members of said Company, at the company offices on May _____, 2008, at the hour of 10:00 a.m., and do further consent to the transaction of any business that may come before said meeting.

_____
Terry Eichas, Member

The meeting was called to order by Terry Eichas, the Operating Member of the Company. _____ acted as Secretary of the meeting.

The Operating Member stated that the purpose of this special meeting was to discuss transferring units jointly held by the present Members to their individual names. After lengthy discussion, upon motion duly made and seconded, it was unanimously:

"Resolved, that the Members below listed desire to transfer their units as set forth below:

Terry Eichas shall transfer his one-third interest in the Company to Jian Zhen.

Further Resolved, that the Company is directed to prepare new Unit Certificates and any other necessary documents to transfer the shares."

There being no further business to come before said meeting, upon motion duly made, seconded and unanimously adopted, the meeting was adjourned.

_____
, Member